ELINA WARREN, NETTIE STEVENS, M. J.
HOGAN, R. J. HILL, ALBERT SADD, JOHN
BRENNAN, JOHN ATKINSON, A. E. SHAW,
HYRUM MADDEN, AND JOHN J. CORTEZ,
APPELLANTS, v. THEODORE ROBINSON, CHAS.
M. BROUGH, H. H. SPENCER, GEORGE MUR-
PHY, AD. KUHN, JOHN MAGUIRE, R. A.
WELLS, NEWELL BEEMAN, GEORGE W.
PERKINS, S. S. SCHRAMM, W. W. COREY,
CITIZENS' BANK OF OGDEN, AND J. C. ARM-
STRONG, RECEIVER, RESPONDENTS.

REMITTITUR — CONSIDERED BY TRIAL COURT. MANDATE — ON
FORMER APPEAL — REMITTITUR NOT IN BILL OF EXCEPTIONS —
JUDICIAL NOTICE — OF RECORDS OF APPELLATE COURT — NON-
SUIT — BY COURT OF EQUITY — REVERSED AND REMANDED —
DOES NOT REQUIRE TRIAL DE NOVO. JUDGMENT ENTERED ON
MANDATE — HOW CONSIDERED ON SECOND APPEAL. CONSTRUC-
TIVE FRAUD — DISCHARGE IN BANKRUPTCY — NO RELEASE UNDER
§17 BANKRUPTCY ACT — SUCH ACTION SURVIVES AGAINST EXECU-
TORS — UNDER §2916, R. S. 1898.

*Remittitur — Considered by Trial Court.*

From the fact that a trial court set aside its former judgment
and proceeded to again try a cause, in which a new trial has
been ordered by the supreme court, it is manifest that the
trial court considered the remittitur of the supreme court.

*Mandate — On Former Appeal — Remittitur Not in Bill of Exceptions
— Judicial Notice — Of Records of Appellate Court.*

In order that an appellate court may determine whether or not
a lower court proceeded in accordance with the mandate of
the appellate court on a former appeal it is not necessary that
the remittitur should be contained in the bill of exceptions,

the appellate court will take notice of its own records and files.

*Non-suit — By Court of Equity — Reversed and Remanded — Does Not Require Trial de novo.*

Where a judgment of non-suit, entered by a court of equity, is ordered set aside by the appellate court, and the cause is remanded with directions to the court below to proceed in accordance with the opinion, and neither the opinion nor the mandate requires a trial *de novo* to be granted, the effect is to place the case in the same position, in the court below, as it was in at the time when the progress of the trial was interrupted by the motion for the non-suit, and the court may resume the trial and proceed therewith in the same manner as it would have done if no judgment of non-suit had been entered.

*Judgment Entered on Mandate — How Considered on Second Appeal.*

Where an appeal is taken from a judgment of an inferior court entered under a mandate of the appellate court, the latter tribunal will construe its own mandate in connection with its opinion to determine whether the inferior court proceeded in accordance therewith.

*Constructive Fraud — Discharge in General Bankruptcy — No Release under §17 Bankruptcy Act — Such Action Survives against Executors — Under §2916, R. S. 1898.*

Where an action is against a defendant for misappropriation or misuse of a trust fund, and breach of duty, occasioned through neglect while he was acting in a fiduciary capacity, the allegations if established, show at least constructive fraud, and the case falls within the exception contained in §17 of the Bankruptcy Act, 30 U. S. Statutes at Large, 550, and a discharge in bankruptcy will not release the defendant in such an action; such an action also survives under §2916, R. S. 1898, against the executors of a party, defendant at a former trial, who has since died.

(Decided April 27, 1900.)

Appeal from the Second District Court, Weber County, Hon. Wm. M. McCarty, *Judge.*

Second appeal of this case; first appeal found in 19 Utah, 289. Action by plaintiffs as stockholders of defendant bank, on behalf of themselves and all other stockholders, creditors, and their suit against defendants for an accounting, and for damages alleged to have been occasioned by reason of the negligence of individual defendants as directors and officers, in the management of the bank. Certain additional pleadings were filed after reversal at the former hearing, and thereafter, on the call of the case for trial, plaintiffs submitted the records of the former trial, and rested their case. Thereupon counsel for defendants moved for a judgment of non-suit, which motion was sustained, and the action dismissed. Plaintiffs thereupon appealed. *Reversed.*

*M. D. Lessenger, Esq., A. J. Weber, Esq.,* and *Elijah Farr, Esq.,* attorneys for appellants.

"The construction of the intent and meaning of the opinion and mandate of the supreme court is not a matter for the exercise of judicial discretion by the circuit court." *Gaines* v. *Rugg,* 148 U. S., 228.

"If the circuit court makes mistakes or misconstrues the decree of the supreme court and does not give full effect to the mandate, its action may be controlled by a new appeal." *Perkins* v. *Fourniquet,* 14 How. (U. S.), 330; *In re* Wash., 140 U. S., 91; *City Bank* v. *Hunter,* 152 U. S., 512; *In re* City Bank, 153 U. S., 246.

"But the circuit court will consider and decide any matter left open by the mandate of this court, and its decision upon such matters can be reviewed by a new appeal only." *Hinckley* v. *Morton,* 103 U. S., 764; *Mason* v. *Pewabic Min. Co.,* 153 U. S., 361; *Nansen, etc., R. Corp.,* v. *Boston, et al.,* 5 U. S. App., 97.

The opinion delivered by this court at the time of rendering its decree may be consulted to ascertain what was intended by its mandate, and it is for this court to construe its own mandate. *Siebald* v. *U. S.*, 12 Pet. (U. S.), 493; *West* v. *Brashear*, 14 Pet. (U. S.), 51; *Wayne Co.* v. *Kennicott*, 94 U. S., 498.

"No question once considered and decided by an appellate court can be re-examined at any subsequent hearing of the same case. And upon reversal by this court of the decree of the circuit court sustaining plaintiff's exceptions to the relief prayed for, and upon remanding the case for further proceedings, the parties have a right to file new pleadings and allow amendments to the proceedings for the purpose of more fully or clearly presenting the facts at issue between the parties, but not to re-try the issues decided." *In re* Sanford Fork and Tool Co. *et al.*, 160 U. S., 247; *Coombs* v. *Salt Lake & F. D. Ry. Co.*, *et al.*, 11 Utah, 13; 39 Pac., 503; *Argenti* v. *City of San Francisco*, 30 Cal., 458; *Argenti* v. *Sawyer*, 32 Cal., 415; *Ryan* v. *Tomlinson*, 39 Cal., 639; *Latla* v. *Granger*, 167 U. S., 81; *Hill* v. *Draper*, 37 S. W., 574; *Wayne County* v. *Kennicott*, 94 U. S., 498; *Soule* v. *Dawes*, 14 Cal., 248; *Crowell* v. *Gilmore*, 17 Cal., 195; *Nat. Ins. Co.* v. *Nat. Loan Assn.*, 53 N. W., 546; *Jordan* v. *Humphries*, 21 N. W., 713; *Re Potts*, 166 U. S., 263; *Minnesota Linseed Oil Co.* v. *Montague*, 21 N. W., 184; *Chandler* v. *Bank*, 11 Pac. Rep., 791.

This being an equity case we maintain by authority of the case of *Wayne County* v. *Kennicott*, cited above, that there can be no new trial in a suit in equity; also the court in the case at bar should have proceeded with the case from where the error was committed, that is, the error of granting the non-suit. *Wortman* v. *Granger*, 2 Mont., 405; *Montgomery Co.* v. *Cary*, 1 Ohio St., 463; *Erwin* v. *Collier*, 3 Mont., 173; *Nelson* v. *Hubbard*, 13 Ark.,

253; *Howard* v. *Marshall*, 10 Md., 451; 52 N. W., 138; 45 N. W., 530.

Appellants maintain that the court erred in overruling the demurrer of the defendant W. W. Corey's amended answer, for the reason that the claim sued upon by the plaintiffs against said Corey was the misappropriation of a trust fund, he being trustee for the stockholders, and appropriating the money illegally and unlawfully, made it such a debt in favor of the plaintiffs and against the defendant, Corey, that he could not have been discharged in bankruptcy. Section 17 of the Bankruptcy Act.

The proposition that a judgment had been obtained against Corey, and that therefore plaintiffs could not recover in this suit, was also raised at the original trial, and as the lower court was reversed on the proposition, no argument is needed to show that a repetition of the error is still error. *Burton* v. *Perry*, 34 N. E., 60; *Shinn* v. *Shinn*, 15 Ill. App., 141; *Cober* v. *Ellis*, 120 Ill., 136; *Washburn Mfg. Co.* v. *Chicago G. W. F. Co.*, 119 Ill., 30; *Green* v. *City*, 130 Ill., 515.

Independent of the provisions of the Revised Statutes, the court of chancery has jurisdiction so far as the rights of the individual corporators were concerned, to call the directors to account. *Robinson* v. *Smith*, 3 Paige Ch., 127; *Brinkerhoff* v. *Bostwick*, 88 N. Y., 60; *Jones* v. *Johnson*, 10 Bush. (Ky.), 661; *Cumberland Coal Co.* v. *Hoffman Coal Co.*, 30 Barb., 159; *Carpenter* v. *Danforth*, 52 Barb., 585; 49 How. Pr., 83; 57 How. Pr., 65; *Heath* v. *Erie R. Co.*, 8 Blatchf., 441; *Silver Horn Mining Co.* v. *Ryan*, 44 N. W., 56.

Appellants claim that the court erred in holding that the action originally instituted against Schramm did not survive, he having died pending appeal. Section 3916 of the Revised Statutes. Section 2920 Revised Statutes.

At common law, actions founded in tort did not survive,

and did not constitute a legal claim against the representatives. The common law doctrine has now been greatly extended, and all rights of action founded in tort to property now survive, and pass as assets to the personal representatives of the deceased. The test of assignability was the element of survival, and the right of survival being extended, the right of assignability is also enlarged. *People* v. *Tioga County*, 19 Wend., 73; *Tyson* v. *Mc Guineas*, 25 Wis., 656; *Butler* v. *R. R. Co.*, 22 Barb., 110; *Jordan* v. *Gillen*, 44 N. H., 426; *Byxbie* v. *Wood*, 24 N. Y., 607.

And a right of action founded on want of care, skill, or diligence under a contract relating to personal property is assignable, and therefore survives, for instance, a right of action against a common carrier or other bailee for damages occasioned by breach of duty. *Merrick* v. *Brainard*, 38 Barb., 574; *Merrill* v. *Grinnell*, 30 N. Y., 594; *Woodbury* v. *Deloss*, 65 Barb., 501; *Prive* v. *Price*, 75 N. Y., 244; *Lavell* v. *Frost*, 40 Pac., 446.

*Messrs. Richards & Allison*, and *Wm. H. Smith, Esq.*, Attorneys for Executors of estate of S. S. Schramm, deceased, respondents.

*L. R. Rogers, Esq.*, *T. D. Johnson Esq.*, and *R. H. Whipple, Esq.*, of counsel for respondents.

This is a personal action, arising *ex delicto*, and at common law did not survive. It was a well-established, ancient, common-law rule that no personal action survived, and that rule is expressed in the familiar maxim, *actio personalis moritur cum persona*. This rule was later relaxed as to actions *ex contractu*, and even extended at times to actions, arising from torts to property *where property was acquired by the tort feasor and his estate*

*thereby enriched.* *Wilbur* v. *Gilmore*, 21 Pick. (Mass.), 250; *Petts* v. *Ison*, 56 Am. Dec., 419; *Mason* v. *U. P. Ry. Co.*, 7 Utah, 77.

We now pass to a consideration of the cases which we contend conclusively show that in States having statutes similar to ours, cases like the one at bar do not survive. *Witters* v. *Foster*, 26 Fed., 737; *Dana* v. *Hull*, 21 Vt., 383; *Jenkins* v. *Bennett* (W. Va.), 18 S. E. R., 929; *U. S.* v. *Daniel*, 47 U. S. 11, 12 L. ed., 323; *Mason* v. *U. P. Ry. Co.*, 7 Utah, 77.

In addition to the cases hereinbefore cited, see 5 Ency. Pl. & Pr., p. 789, note 4. Upon the general questions of survivorship, see also, *Stokes* v. *Stickney*, 96 N. Y., 323; *Cunningham* v. *Jacques*, 19 N. J. L., 42; *Bracket* v. *Griswold*, 9 N. E. Rep., 438; *People* v. *Gibbs*, 9 Wen-dell, 29; *Slauson* v. *Schwabacher* (Wash.), 31 Pac. Rep., 329.

The mandate or remittitur in this case is now embodied in either the judgment roll or bill of exceptions. How then is the question of its proper construction before this court.for review? We insist that it is not. This court can not consider any matter not found in the record or bill of exceptions. *Whipple* v. *Preece*, 18 Utah, 454; *U. S.* v. *Duggins*, 11 Utah, 430; *People* v. *March*, 11 Utah, 432; *People* v. *Pettit*, 5 Utah, 241; Revised Statutes, Sec. 3286; *Evans* v. *Jones*, 10 Utah, 182; *Flint* v. *Nelson*, 10 Utah, 261; *Perego* v. *Dodge*, 9 Utah, 3; *People* v. *Smith*, 3 Utah, 425; *Lowell* v. *Parkinson*, 4 Utah, 64; *Bowring* v. *Bowring*, 4 Utah, 185; *Reever* v. *White*, 8 Utah, 188.

We have a judgment roll and bill of exceptions in the record *on this appeal*, and this court can not *on this appeal*, consider maters *dehors* that record. In other words, there must be a full, complete, and distinct record on each appeal.

*People* v. *Center*, 61 Cal., 191; *Sweet* v. *Mitchell*, 7 Wis., 125; *Noble* v. *Strachan*, 32 *id.*, 317; *White* v. *Appleton*, 14 *id.*, 190; *Skidmore* v. *Davies*, 10 Paige, 316.

The record of other cases or of other appeals in the same case before the supreme court can not be referred to or considered unless properly made a portion of the record of the pending case. *Branch* v. *R. Co.*, 88 N. Car., 573; *Armemdioz* v. *Serna*, 40 Tex., 291; *R. Co.* v. *Booton*, 15 S. W. Rep., 909; *R. Co.* v. *Wynant*, 134 Ind., 681; S. C., 34 N. E. Rep., 564; *Kinion* v. *R. Co.*, 39 Mo. App., 574; *Litchford* v. *Dey*, 87 Va., 71; S. C., 12 S. E. Rep., 107; *Thrifts* v. *Fritz*, 11 Ill., 457; *Smith* v. *Brittenham*, 88 Ill., 291.

This court must presume that the lower court has complied with all the requirements of law, and that its determination rested on facts sufficient to sustain them; and the burden rests upon the appellants to rebut this presumption of regularity. 2 Ency. Pl. & Pr., 420-424, and cases cited in notes; *McKay* v. *Farr*, 15 Utah, 261; *Patrick* v. *Graham*, 132 U. S., 927; Lawson's Presump. Ev. (2d ed.), 36. And the appellants must show clearly and affirmatively *from the record itself* facts constituting error in the proceedings below. *People* v. *Kline*, 83 Cal., 374; *Hoey* v. *Hoey*, 36 Conn., 392; *Bishop* v. *Morris*, 22 Ill. App., 564; *State* v. *Sampson*, 79 Iowa, 763; *Walters* v. *Tift*, 57 Mich., 390; *State* v. *Trech*, 51 N. J. L., 501; *Heald* v. *Wells*, 7 Wis., 149; 2 Ency. Pl. & Pr., 424.

It, therefore, follows that all the facts and circumstances upon which the claim of error rests must be *fully presented by the record*. Where a material fact or circumstance essential to establish the error *is omitted*, the presumption on appeal is that it would have sustained the decision objected to if included. *Alexander* v. *Alexan-*

*der*, 71 Ala., 295; *Miller* v. *Glass*, 118 Ill., 443; S. C., 8 N. E. Rep., 833; *Mattinger* v. *Ry. Co.*, 117 Ind., 137; S. C., 19 N. E. Rep., 733; *Woods* v. *Courtner*, 16 Oregon, 121; S. C., 17 Pac. Rep., 745; *Danvers* v. *Durbin*, 14 Ore., 37; S. C., 12 Pac. Rep., 60; *Baur* v. *Cabanne*, 11 Mo. App., 114; *Matson* v. *Davies*, 35 Ill. App., 78; *Campbell* v. *Monroe Co.*, 130 Ind., 598; S. C., 27 N. E. Rep., 560.

Several times has this question been before other courts and invariably have they decided it in harmony with our contention, and in conformity with the views of the supreme court of California. Among other cases we cite the following: *Allen* v. *Adams*, 17 Conn., 67; *Schley* v. *Schofield*, 61 Ga., 528; *Miller* v. *Jordan*, 43 Ga., 316; *Woods* v. *Jones*, 56 Ga., 520; *Updike* v. *Parker*, 11 Ill. App., 356; *Schumann* v. *Helberg*, 62 Ill. App., 218; *Lambert* v. *Hyers*, 27 Ill. App., 400; *Mitchell* v. *Bannon*, 10 Ill. App., 340; *Jordan* v. *Winser*, 48 Iowa, 180; *Kershman* v. *Seehla*, 62 Iowa, 654; S. C., 17 N. W. Rep., 908; *Dryden* v. *Willis*, 53 Iowa, 390; S. C., 5 N. W. Rep., 518; *Crochett* v. *Gray*, 31 Kan., 346; S. C., 2 Pac. Rep., 809; *Merrill* v. *Merrill*, 65 Me., 79; *Robinson* v. *Trafitter*, 106 Mass., 51; *Jordan* v. *Humphrey*, 32 Minn., 522; S. C., 21 N. W. Rep., 713.

In all cases, then, must there be a special direction for a new trial by the appellate court, upon reversal, before one can be had in the lower court? When this court directs the lower court to "proceed in accordance with the opinion," must the lower court, in all cases, "proceed" from the point where it discontinued the former trial? From a reading of the brief of counsel for appellants it is apparent that they would answer both of these questions in the affirmative. In this connection it is somewhat interesting to examine the Utah reports and

ascertain what has been the practice of this court in the past. *American Pub. Co.* v. *C. E. Mayne Co.*, 9 Utah, 318; *Goldthwait* v. *Lynch*, 9 Utah, 187; *Machine Co.* v. *Morchant*, 11 Utah, 68; *Everett* v. *Taylor*, 14 Utah, 242; *Gillet* v. *Taylor*, 14 Utah, 190; *Victor G. and S. M. Co.* v. *National Bank*, 15 Utah, 391; *Morrow* v. *Merritt*, 16 Utah, 412; *New England L. & T. Co.* v. *Stephens*, 16 Utah, 385; *State* v. *Kilburn*, 16 Utah, 187; *Elliott* v. *Whitmore*, 8 Utah, 253; *Orth* v. *Mercantile Institution*, 5 Utah, 419; *Burnham* v. *Call*, 2 Utah, 433.

Bartch, C. J.

This action was originally brought by the plaintiffs, as stockholders of defendant Citizens' Bank, in behalf of themselves and all other stockholders, creditors, and others similarly situated, against the defendants for an accounting, and for damages alleged to have been occasioned by reason of negligence, in the management of the bank, by its directors and officers. At the trial, after the plaintiffs rested, the court, on motion of defendants, granted a non-suit. Thereupon the plaintiffs appealed. This court on appeal affirmed the judgment of non-suit, as to all of the defendants except Brough, Spencer, Murphy, Kuhn, Wells, Schramm, and Corey, and as to them held that a *prima facie* case had been made out, and ordered the lower court to proceed in accordance with the opinion of the appellate court. After the remittitur was sent down, defendant Corey filed an amended answer alleging, in substance, that the cause of action stated against him in the complaint was merged in a judgment rendered in November, 1894, and that he had been discharged from the debts set forth in plaintiff's complaint in bankruptcy proceedings. To this plea the plaintiffs

filed a demurrer, which was overruled. They then filed a reply to the answer, and also filed a supplemental complaint alleging the death of defendant S. S. Schramm, who had died since the former trial, and the presentation of their claim to his executors, and the rejection thereof: by them. Thereafter the case was again called for trial, but before proceeding, the court, on motion of counsel for defendants, dismissed the action as to the executors of the estate of S. S. Schramm, upon the ground that the cause of action stated in the complaint did not survive against such executors. The trial was then proceeded with against the other defendants, who had been held *prima facie* liable by the appellate court, and counsel for the plaintiffs submitted the records of the former trial, as follows: " May it please the court, all of the records in this case are before the court. We submit them as the records of this court, being all the evidence extended by the stenographer from his notes in the original hearing, upon which the Supreme Court has decided that the plaintiffs have made a *prima facie* case." With this the plaintiffs rested their case, and thereupon counsel for the defendants moved for a judgment of non-suit, on the ground that the plaintiffs had offered no evidence to sustain the allegations of the complaint. The court held that the cause must be tried *de novo*, and, upon counsel for plaintiffs declining to place their witnesses upon the stand, and again offer their testimony by examination as upon the original trial, sustained the motion for non-suit, and dismissed the action. The plaintiffs then prosecuted this appeal.

The main question presented is whether the court erred in construing the opinion and remittitur of the Supreme Court as requiring a new trial, and consequently as requiring the plaintiffs to again introduce all their evidence in

the same manner as at the first trial of the cause. The appellants insist that the mandate of this court did not require a reproduction of all their evidence verbally as on the former trial; that the evidence formerly introduced had been held to have made out a *prima facie* case as to the defendants now being proceeded against; and that all the original evidence introduced upon the former trial, and upon which the Supreme Court had passed, being in the records submitted by them to the court, the same judge sitting to again hear the case, and they having rested their case upon that evidence, the court, under a proper construction of the remittitur, should have required the defendants to proceed with their defense the same as though no non-suit had been granted.

The respondents maintain that the court properly insisted upon a trial *de novo*, and that the question concerning the proper construction of the remittitur from this court, can not be considered on this appeal for the reason, as they claim, that the remittitur was not presented to the court below, and is not incorporated in the bill of exceptions settled in this case. As to whether or not the remittitur was formally presented to the court below, we have no means of ascertaining; nor do we regard such presentation, or lack of it, material to this decision. From the fact that the court set aside its former judgment and proceeded to again try the cause, it is manifest that it considered the remittitur, however it may have come before it. Nor are we prevented from ascertaining and determining whether the court below proceeded in accordance with our mandate, because the remittitur is not contained in the bill of exceptions. The remittitur consists of a copy of the judgment entered in the records of this court, and, where there is a reversal, also of a copy of the opinion filed by us. The original in each case, therefore,

remains in our own court, and it would indeed be an anomalous state of affairs if, under the circumstances of this case, we could not take notice of our own original records and files. But if there were any question about this, the motion to amend the transcript by adding thereto the remittitur, made and submitted under Rule 5 of this court, would, in justice, have to prevail, and that would cure the alleged defect. Therefore to determine the question whether the court below properly interpreted the opinion and judgment of this court, we feel entirely free to resort to that opinion, a copy of which was attached to and formed a part of the remittitur, to ascertain the nature of our decision and what it required. That portion of it which is material here, reads as follows: " We do not herein assume to determine the ultimate rights of the plaintiffs. Whether or not they will finally be able to recover for any of the transactions complained of, will perhaps depend largely upon the question whether or not they themselves have been guilty of such acts and conduct respecting these transactions and the management of the bank as will prevent a recovery by them. We simply hold that the plaintiffs have established a *prima facie* case against the defendants Brough, Spencer, Murphy, Kuhn, Wells, Schramm, and Corey; and as to them the judgment of the court must be set aside, costs to abide the result of the action. As to defendants Robison, Maguire, Beeman, Perkins, and Armstrong, the judgment of nonsuit is affirmed, with costs against the plaintiffs. The cause must, therefore, be remanded to the courts below with directions to proceed in accordance herewith. It is so ordered."

Such, after reference to the rules of law which must govern the case and a review and discussion of the new evidence is the concluding paragraph. This contains a clear

and express holding that the evidence of the plaintiffs
"established a *prima facie* case against the defendants
Brough, Spencer, Murphy, Kuhn, Wells, Schramm, and
Corey," and the order is that as to those defendants, the
judgment of non-suit must be set aside, and the cause
remanded to the court below, with directions to proceed
in accordance with the opinion.

It will be noticed that the case was not "reversed and
remanded," but simply "remanded" with directions to
"proceed;" that is, sent back to the court below to
proceed, the same as if no judgment of non-suit had been
entered, according to the rules of law announced in the
opinion as governing the case. In other words, after the
judgment of non-suit was set aside, the case stood as it did
before that judgment had been entered, except that the de-
fendants, as to whom the judgment was affirmed, were no
longer interested parties. There is nothing in the opinion,
nor in the judgment entered in the records of this court,
nor in the remittitur, which required a trial *de novo*. Nor
does the record on appeal show any good reason for the
ordering of such a trial by the lower court. The case
was tried before a court, sitting as a court of equity, with-
out a jury. The same judge who presided at the former
trial and heard the evidence and observed the witnesses,
was again presiding. That same evidence was before him
in record form, although, it must be confessed, very inar-
tistically submitted, as appears from the abstract herein.
The court of last resort had reviewed and discussed the
evidence, and held it sufficient to establish a *prima facie*
case as to the defendants who were still interested parties
to the suit. There was no change of material issues, and
it appears the plaintiffs had no other or different evidence
to offer, and were willing to rest their case on that intro-
duced at the previous trial. Nor is there anything to

show that the defendants would have been injured or their rights jeopardized if the court, upon the plaintiffs having submitted their evidence in record form and rested, had proceeded with the trial from the point where it was interrupted by the motion for non-suit. On the contrary, it is manifest that the testimony of the plaintiffs, being very voluminous, could not have been introduced by the re-examination of witnesses, without great expense to the litigants. Under these circumstances and without an express direction in the mandate to do so, the ordering of a trial *de novo*, and the requiring of the evidence, which had already been held sufficient to establish a *prima facie* case, to be again introduced by examination of the witnesses, was unnecessary and unauthorized. Where a judgment of non-suit, entered by a court of equity, is ordered to be set aside by the appellate court, and the cause is remanded with directions to the court below to proceed in accordance with the opinion, and neither the opinion nor the mandate requires a trial *de novo* to be granted, the effect is to place the case in the same position in the court below as it was in at the time when the progress of the trial was interrupted by the motion for the non-suit, and the court may resume the trial and proceed therewith in the same manner as it would have done if no judgment of non-suit had been entered.

In *Hawkins* v. *Cleveland C. C. & St. L. Ry. Co.*, 99 Fed. Rep., 322, as appears from the syllabus, it was held: " When a decree is reversed, and the mandate does not direct the entry of any particular decree, but only that further proceedings be had, not inconsistent with the opinion of the appellate court, the effect is to put the case in the same position in the court below as if no decree had ever been entered; and the court has the same authority to permit amendments of the pleadings to en-

large the issues, and admit further proofs, as it had before the entry of the decree." *Nelson* v. *Hubbard*, 13 Ark., 253; *Woolman* v. *Garringer*, 2 Mont., 405; *Commissioners* v. *Carey*, 1 Ohio St., 463; *West* v. *Brashear*, 14 Pet., 5; *Supervisors* v. *Kennicott*, 94 U. S., 498; *In re* Sanford Fork & Tool Co., 160 U. S., 247; *Ex parte Sibbald* v. *The United States*, 12 Pet., 448.

And where an appeal is taken from a judgment of an inferior court entered under a mandate of the appellate court, the latter tribunal will construe its own mandate in connection with its opinion to determine whether the inferior court proceeded in accordance therewith. *Gaines* v. *Rugg*, 148 U. S., 228; *In re* Sanford Fork & Tool Co., *supra*.

We are of the opinion that the court erred in ordering a trial *de novo*, under the circumstances of this case.

We are also of the opinion that the demurrer, to the amended answer of W. W. Corey was improperly overruled. This suit was brought against him for the misappropriation or misuse of a trust fund, and breach of duty, occasioned through neglect while he was acting in a fiduciary capacity. The facts set up in the complaint, if established by competent proof, show a condition of at least constructive fraud. Breach of duty by a person acting in a fiduciary capacity is "constructive fraud." Story, Eq. Jur., Secs. 258-9, 307-8, 311; Cooley on Torts, p. 607; *Baker* v. *Humphrey*, 101 U. S. 494, 502.

This case, as to Corey, therefore, falls within the exception contained in Section 17 of the Bankruptcy Act, 30 U. S. Stat. at Large, 550, which, so far as material here, reads: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * (4) were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity."

Corey having been charged in the complaint with a breach of duty by negligent management of the affairs of the bank, of which he was a director and officer, and consequent loss to the institution, his discharge in bankruptcy constituted no bar to this action, which had been previously brought against him, and therefore the demurrer ought to have been sustained. Likewise, although a judgment had previously been entered against him for a debt which he owed the bank, he was still liable for any breach of duty or negligent management of the affairs of the bank of which he may have been guilty while a director or officer of the institution, if such breach of duty resulted in injury to his trust.

So, we are of the opinion that this action survived against the executors of S. S. Schramm, he having been a defendant at the former trial, but having since died. He and others were directors of the bank and acted in a fiduciary capacity. The complaint charges that, while so acting, the deceased was negligent and inattentive to duty and that, in consequence thereof, loss resulted to the bank, that is, funds and property of the institution, through his carelessness and inattention to his duties were permitted to be wasted and lost. In such case the action survives, and may be maintained against the executors, under Section 3916, Rev. Stat.

It has been held likewise in California under a statute like ours. *Fox* v. *Hale & Norcross, S. M. Co.*, 108 Cal., 478; *Coleman* v. *Woodworth*, 28 Cal., 567.

The judgment must be reversed with costs, and the cause remanded with directions to the court below to proceed in accordance with this and our former opinion herein.

It is so ordered.

BASKIN, J., and HIGGINS, Dist. Judge, concur.