# LARSEN v. GASBERG.

No. 2457.   Decided July 9, 1913 (134 Pac. 885).

1. QUIETING TITLE—AMENDED PLEADINGS—NEW OR DIFFERENT CAUSE
OF ACTION.   It was not error to permit plaintiff, in a suit to
quiet title, to amend her complaint so as to allege that the deed
from her to defendant's grantor, under which defendant claimed,
was obtained by fraud and was void, since the amendment
only amplified the allegations of the original complaint and
did not introduce a new cause of action.[1]   (Page 206.)

2. APPEAL AND ERROR—EFFECT IN LOWER COURT OF DECISION IN
APPELLATE.   Where a judgment is reversed and a new trial
granted without giving explicit directions, the case stands in
the lower court precisely as it did before the first trial was had,
and the lower court may allow any amendments except such as
would open questions adjudicated by the appellate court.   (Page
208.)

3. LIS PENDENS—PURCHASES PENDING SUIT.   Where real property
was levied upon under an execution as the property of the
judgment debtor, the filing of a *lis pendens* notice of a suit
by the grantor of the judgment debtor one day before the exe-
cution sale imparted notice to the purchasers at such execution
sale of all plaintiff's right, title and interest.   (Page 210.)

APPEAL from District Court, First District; *Hon. N. J.
Harris,* Presiding Judge.

Action to quiet title by Christina J. Larsen against Jens
C. Gasberg.

Judgment for plaintiff.   Defendant appeals.

AFFIRMED.

*R. H. Jones* for appellant.

[1] Casady v. Casady, 31 Utah, 394, 88 Pac. 32; Fell v. Union Pac.
Ry. Co., 32 Utah, 101, 88 Pac. 1003, 28 L. R. A. (N. S.), 13 Ann. Cas.
1137.

*B. H. Jones and Nels Jenson* for respondent.

STATEMENT OF FACTS.

This is an action in equity to quiet title to certain real property situated in Box Elder County, Utah. The action was brought under Comp. Laws 1907, section 3511. The case was before this court on a former appeal. (*Larsen v. Gasberg,* 30 Utah, 471, 86 Pac. 412, 116 Am. St. Rep. 859 (1906.) ) The cause was reversed, with directions to the lower court to grant a new trial. By an examination of the statement of facts in the opinion reversing the case, it will be seen that plaintiff deeded the parcels of land in controversy to J. B. Carrington June 15, 1897, reserving to herself and husband, Jens Larsen, a life estate in the property. Gasberg, defendant herein, and one Miller obtained a judgment against Carrington in the district court of Box Elder County for the sum of $740.05. The judgment was duly entered and docketed and became a lien on whatever interest Carrington had in the property. An execution was issued on the judgment and all the right, title, and interest that Carrington had in the property was sold under and in pursuance of the execution and was purchased by Gasberg and Miller, judgment creditors in the action. Several months after Carrington's interest in the property became impressed with the judgment lien, and on the day before the interest was purchased by Gasberg and Miller under the execution sale, plaintiff and her husband commenced an action in the district court of Box Elder County to have the deed from plaintiff to Carrington canceled on the ground that it was obtained through fraud and misrepresentation and without consideration. *Lis pendens* of this suit was filed and recorded on the day the suit was commenced ond one day before the property was purchased by Gasberg and Miller under the execution sale mentioned. Gasberg, who had in the meantime acquired Miller's interest in the property, was not made a party to the action. A trial was had and the court entered a decree in which it was held that the deed

from plaintiff to Carrington was null and void and that it be canceled. This court held, in the opinion rendered on the former appeal, that Gasberg was a necessary party to the action brought against Carrington for the cancellation of the deed, and, not having been made a party, he was not concluded by the judgment. On the first trial of the case plaintiff introduced in evidence the deed from herself to Carrington and the judgment roll of the case referred to and rested. In the opinion reversing the case we said:

"There is nothing on the face of the deed of conveyance which purported to vest in Carrington an estate in the property which indicated or suggested that it was obtained through fraud and without consideration. Therefore, when plaintiff put this deed in evidence, which showed that the fee to the property was in Carrington, it was incumbent upon her, if she wished to avoid its effect upon the ground that it was obtained through fraud and without consideration, to establish these facts by competent evidence and give the defendant an opportunity to try the issue of fraud. In other words, the defendant was entitled to his day in court, and his rights, whatever they were, could not be extinguished by a judgment in an action which was commenced long after the judgment lien attached, by virtue of which the property was levied upon and sold, and to which action he was not made a party."

On retrial of the cause, plaintiff offered evidence tending to show that the deed from her to Carrington was obtained through fraud and misrepresentation and without consideration. This evidence was objected to by defendant and the objection was sustained. Plaintiff was permitted, over defendant's objections, to amend her complaint by setting forth therein the alleged fraudulent acts and misrepresentations of Carrington by which he induced her to deed to him the property in question, and that he obtained the deed from her without consideration, and that Gasberg and Miller, the judgment creditors of Carrington, had actual and constructive notice of these facts prior to their purchase of the property under the execution sale hereinbefore mentioned. Plaintiff also asked that defendant be required to set forth the nature of his claim, and that all adverse claims of defendant be determined by a decree of the court, and that

"all clouds be removed, and that defendant and his successors or assigns or grantees be forever enjoined and debarred from asserting any claim whatsoever in or to said land or premises adverse to the plaintiff." The amendment was made *instanter*, October 13, 1906. The proceedings however, because of the amendment were suspended and the cause continued. On March 10, 1908, plaintiff was again allowed, over defendant's objections, to amend her complaint by setting forth more in detail the alleged fraudulent acts and misrepresentations of Carrington than they were alleged in the first amended complaint. On July 26, 1911, more than three years after the filing of the second amended complaint, and nearly five years after the filing of the first amended complaint, the cause was again called for trial, and the court, after hearing the evidence, found in favor of plaintiff on all of the issues. The judgment, so far as material here, recites that "it is ordered, adjudged, and decreed that plaintiff is the owner of the said property described in the complaint; . . . that the defendant, Jens Gasberg, has no estate or right or title whatsoever in or to said lands or premises; . . . that the sheriff's deed to Gasberg . . . and the deed from said Miller and wife to Jens Gasberg . . . be and the same are hereby canceled and annulled and declared void and of no effect, and the defendant Gasberg and his successors be forever enjoined from asserting any claim . . . to said lands or premises . . . adverse to the plaintiff." To reverse the judgment, defendant appeals.

McCARTY, C. J. (after stating the facts as above).

The principal ground upon which appellant assails the judgment is that the court erred in permitting plaintiff to amend her complaint after the cause was reversed and remanded for a new trial. It is contended in support of this assignment of error that the complaint as amended sets forth a separate and distinct cause of action from the one alleged in the complaint before it was amended. The cause of action alleged in the complaint as

originally filed was an action to quiet title. The amendments did not change the character of the action. The action still remained an action to quiet title, and the relief demanded in the amended complaint is the same relief asked for in the complaint as originally filed. In the complaint before and after it was amended, plaintiff alleged that she is the owner and in possession of the property, and that the defendant has no right, title, or interest therein, and asked that defendant be required to set forth the nature of his claim to the property. Defendant in his answer denied plaintiff's title and alleged that he was the owner of the property "subject to an alleged life estate therein in favor of said plaintiff." Under the issues thus made, plaintiff on the first trial, for the purpose of showing that the chain of title upon which defendant relied was from its very inception invalid, introduced in evidence the judgment roll in the case of *Larsen v. Carrington,* in an action to which defendant was not a party. On the former appeal of this cause, this court, as we have hereinbefore observed, held that defendant's rights, whatever they were, to the property were not extinguished by the judgment in that action; that he was entitled to his day in court on the question of fraud, misrepresentation, and want of consideration which the judgment roll in the case mentioned tended to establish and thereby destroy his chain of title. As we have hereinbefore stated, on a retrial defendant objected to the introduction of oral evidence by plaintiff tending to show that the deed from plaintiff to Carrington (which is the source of defendant's claim of title) was obtained by fraud, misrepresentation, and without consideration. The plaintiff, therefore to overcome this objection, was permitted to amend her complaint by alleging fraud, misrepresentation, and want of consideration.

"Amendments which only amplify the statements or prayer in the original complaint are not deemed to introduce a new cause of action."

1 Ency. Pl. & Pr. 557, and cases cited in note. In the same volume, commencing on page 468, the general rule

governing amendments of pleadings in equity cases is stated as follows:

"If the bill be found defective in its prayer for relief, or in proper parties, or in the omission or mistake of some fact or circumstance connected with the substance of the case, but not forming the substance itself, the amendment is usually granted, or as more recently stated, amendments, however considerable, the purpose of which is to bring before the court other parties to the controversy, or to strengthen, elucidate, or explain the case made by the original bill, or to put in issue some material fact directly or indirectly affecting the case so made, will be freely allowed at any stage of the proceedings."

We also invite attention to the following cases: *Thomas v. Mead,* 8 Mart. N. S. (La.) 341, 19 Am. Dec. 187; *Casady v. Casady,* 31 Utah, 394, 88 Pac. 32; *Fell v. Union Pac. Ry. Co.,* 32 Utah, 101, 88 Pac. 1003, 28 L. R. A. (N. S.) 1, 13 Ann. Cas. 1137. We are clearly of the opinion that the court did not err in permitting the amendments.

Counsel for appellant further contend, if we correctly understand their position, that the questions of fact presented by the amendments were passed upon and determined by this court in favor of appellant on the former appeal of the cause, and hence the decision is the law of the case as to those points and a final determination thereof, binding alike upon the court and the parties to the action. We think it will be seen from a casual reading of the opinion (30 Utah, 471, 86 Pac. 412, 116 Am. St. Rep. 859) that the case was reversed because the trial court in effect held that appellant's rights, whatever they were, in the property were determined by the judgment rendered in the case of *Larsen v. Carrington* (the judgment roll of which was admitted in evidence), to which action he was not made a party; and a new trial was granted in order that he might have "his day in court" and be given an opportunity to try the issue of fraud, misrepresentation, etc. We think it is manifest that it did not occur to this court in the preparation of the opinion that it would be necessary for respondent to amend her complaint to entitle her to introduce evidence on the question of fraud,

misrepresentation, and want of consideration. And we do not wish to be understood as holding or intimating that it was necessary for respondent to amend her complaint before she could properly introduce evidence on that issue. The trial court having permitted respondent to amend her complaint, that question is not before us. What we do say is that we think it clearly appears from the opinion that the cause was remanded for a new trial to give the parties an opportunity to try the question of fraud, a matter concerning which appellant had not had his day in court. Let that be as it may, the judgment of the lower court was reversed and the cause remanded without any specific directions except that a new trial should be granted. The rule is well settled that, where a judgment is reversed and a new trial granted without any specific instructions or directions, the case stands in the lower court precisely as it did before a trial was had in the first instance. The general rule in this regard is well stated in 3 Ency. L. & P. 579, in the following language:

"When a decree is reversed and the cause remanded without specific directions, the decision of the court below is entirely abrogated, and the cause then stands in the court below precisely as if no trial had occurred, and that court has the same power over the record as it had before its decree was rendered, and it may permit amendments to the pleadings to the same extent that it might have done before the trial, and in the exercise of the same discretion, except that it is concluded by the legal principles announced by the appellate court. And where a cause is reversed and remanded with directions to proceed in conformity with the views expressed in the opinion filed, and it appears from such opinion that the grounds of reversal are of a character which may be obviated by subsequent amendments of the pleadings or the introduction of additional evidence, it is the duty of the trial court to permit the cause to be redocketed and to permit amendments to be made and evidence introduced on the hearing just as though it was then being heard for the first time."

The doctrine is tersely, and we think correctly, stated in 1 Ency. Pl. & Pr. 618, as follows:

"Where the appellate court reverses a judgment and remands. the cause generally without any specific directions, amendments, to the pleadings may be allowed upon the reinstatement of the case in the court below as if it had never been tried, although the appellate court may have adjudged the pleadings insufficient on demurrer."

Of course, as stated on page 620 of the same work,

"a party should not be allowed to amend so as to reopen questions which have been adjudicated by the appellate court."

The evidence tends to show, in fact it is all but conclusive,. that the deed from the plaintiff to Carrington was obtained by Carrington through fraud, misrepresentation, and without consideration.

The filing of the *lis pendens* in the suit of *Larsen* (plaintiff) *v. Carrington* one day before the execution sale mentioned imparted notice to Gasberg and Miller of plaintiff's equity, right, title and interest in the property. 5 Words and Phrases, 4183. Gasberg and Miller having bid in (purchased) Carrington's interest in the property with notice, they were not *bona fide* or innocent purchasers, and. hence they acquired the interest subject to all infirmities and defects in the title imparted by the notice. 17 Cyc. 1297, 1298; 3 Freeman on Excutions, section 344.

A number of other questions are discussed by counsel in their brief, but we do not deem them of sufficient importance to warrant us in considering them.

The judgment is affirmed, with costs to respondent.

FRICK and STRAUP, JJ., concur.