PHEBUS, et al. v. DUNFORD, Judge, et al.

No. 7187.  Decided November 8, 1948.  (198 P. 2d 973.)

See 5 C. J. S., Appeal and Error, sec. 1950; 3 Am. Jur. 690, et seq.

*Gustin & Richards* and *Ingebretsen, Ray, Rawlins & Christensen*, all of Salt Lake City, for appellant.

*Herbert Van Dam* and *Katherine C. M. Ivers*, both of Salt Lake City, for respondent.

PRATT, Justice.

This mandamus proceeding arises out of the action taken by the trial court ostensibly pursuant to our decision in the case of *N. J. Meagher, Plaintiff and Respondent* v. *Uintah Gas Co. (Valley Fuel Supply Co., Defendants, and Ray Phebus, Ashley Valley Oil Co., and Joe T. Juhan, Defendants and Appellants)*, 112 Utah 149, 185 P. 2d 747, 754. In that appeal this court directed:

"The decision of the lower court is reversed, and the case remanded to that court for proceedings to conform to this opinion. Costs to appellant."

For a foundation for that direction we merely invite attention to the citation above, and the two questions (issues) decided therein.

The controversy in the present proceeding arises over the lower court's ruling upon a motion of the appellants (the successful parties in the appeal) to have the lower court set aside its former decision to conform to the above quoted directions of this Supreme Court. Their motion was granted except as to appellant Ray Phebus, one of petitioners for this writ. The lower court allowed its former judgment and decision to stand agains that appellant.

A reversal of a judgment or decision of a lower court such as this places the case in the position it was before the lower court rendered that judgment or decision, and vacates all proceedings and orders dependent upon the decision which was reversed. 3 Am. Jur. 697, Sec. 1190; 3 Am. Jur. 690, Sec. 1184 (defining "to reverse") ; 3 Am. Jur. 699, Sec. 1192 (as to dependent proceedings) ; *Larsen* v. *Gasberg*, 43 Utah 203, 134 P. 885 (this case not only reversed the lower court but granted a new trial which in effect removed the first trial from further consideration) ; *Madsen* v. *Madsen*, 78 Utah 84, 1 P. 2d 946; *Warren* v. *Robinson*, 21 Utah 429, 61 P. 28.

The lower court should not have entertained the motion to set aside the former decision. The decision of this court when filed in the lower court automatically set the lower court's decision aside without further action by that court. Our decision did not direct the lower court to take action to vacate its former decision. It acted directly upon the lower court's decision and effectually vacated and set aside that decision. Our decision was without limitation as to how much of the lower court's decision was set aside. It set it all aside. After the filing of the remittitur from this court in the lower court, there was nothing upon which such a motion could properly have been predicated. If for any reason a feeling has grown up that a layman, examining an abstract of title of property involved in such an appellate decision would not understand the effect of the Supreme Court decision without the aid of an order of the lower court, that can be obviated by proper clerical entries in the judgment records of the lower court.

Logically, at least, if appellants were not entitled to a decision of the lower court upon such a motion, they are not entitled to a decision by this Supreme Court in this mandamus proceedings, directing the lower court to decide affirmatively for them upon that motion, as the lower court should not be compelled to take action needlessly. The

lower court however having undertaken to grant affirmative relief upon that motion has created a flaw in the record which appears to except the appellant Ray Phebus from this court's directive; and may confuse the examiner of titles as to the status of this appellant. Assuming it were proper for that court to act, it should have set its entire decision aside for the reasons indicated above, and not limited its order to a part only of its former decision.

Merely for the sake of clearing the record, the lower court should enter an order setting its entire decision aside without limitation. We see no necessity, however, of issuing the writ of mandate directing this, as we believe that the lower court will conform to this opinion upon its becoming a part of the record of the case in that court.

The lower court's former decision, in its entirety, having been set aside, that court should proceed to a determination of the case the same as if no such previous decision by it had been rendered. The only restriction imposed upon it in accomplishing a final determination of the case lies in the issues decided upon the appeal to this Supreme Court (see citation). Those issues may not be acted upon or decided contrary to the way they were decided by this court. Other than that restriction, the lower court may act in this case as it may act in any case at a time prior to its final determination of the facts and law of the case.

The petition is denied, each party to bear its own costs.

McDONOUGH, C. J., and WADE and WOLFE, JJ., concur.

LATIMER, Justice.

I concur.

I believe the trial court was misled by the qualifying phrase in the order reversing the cause. While I did not participate in the original decision, I interpret the order to apply with equal effect to all appellants.