## PETERSON et ux. v. MORRISON et al.

No. 7218.   Decided December 24, 1948.   (201 P. 2d 278.)

See 21 C. J., Courts, sec. 312; 35 Am. Jur. 22. Mandamus to compel court to assume or exercise jurisdiction, note, 82 A. L. R. 1163.

*Leon Fonnesbeck,* of Logan, for plaintiffs.

*Grover A. Giles,* Atty. Gen. and *J. D. Skeen,* of Salt Lake City, for defendants.


WADE, Justice.

Plaintiffs seek a writ of mandate to compel the judge of the first district court to enter judgment in the case of *Peterson* v. *Peterson,* 112 Utah 554, 189 P. 2d 135, in accordance with our order in that case. That action was originally brought to impress certain property which belonged to Antone Peterson during his lifetime, with a trust for the use and benefit of the plaintiffs therein who are his heirs, against John Charles Peterson, also an heir, and one time administrator of Antone's estate. Other defendants in that action who claimed an interest in some of the property were also joined. In the first trial, at the end of plaintiffs' evidence, the court granted a nonsuit as to all the defendants. On plaintiffs' appeal this court reversed the judgment as to John Charles Peterson but affirmed it as to other defendants and held that the evidence was sufficient to require an accounting from him. See *Peterson* v. *Peterson,* 105 Utah 133, 141 P. 2d 882.

On the second trial, after the pleadings had been amended to meet the new issues, it developed that John Charles Peterson had used $1,700 of estate money to redeem from a foreclosure sale certain property of the estate and had taken the sheriff's deed therefor in the name of his wife Maria Peterson and that she had in turn conveyed and transferred that property to their son LaVar Peterson. Plaintiffs asked the court to hold that such conveyance created a trust in favor of them; that such deeds be held to be null and void and that the property be transferred to the plaintiffs. The court held that Maria Peterson did hold the property in trust for plaintiffs but that LaVar Peterson was an innocent pur-

chaser for value without notice and therefore he held the property free from such trust. On a second appeal we reversed the trial court and held that under the evidence LaVar was not an innocent purchaser for value without notice but that he bought with knowledge of the infirmities in his mother's title and ordered the trial court to enter judgment in conformity with that opinion.

In their original complaint plaintiffs described the property here in question as the

"southwest quarter of the northwest quarter of section 2, township 14, range 8 west, Salt Lake Meridian, together with 119 shares of the stock of the Curlew Irrigation Company."

The same description is contained in the pleadings many times and it was contained in both the deed to Maria and LaVar, and also in a mortgage back by LaVar to Maria. However, in the plaintiffs' prayer for relief this water was not expressly mentioned, nor did this court in either of its opinions expressly describe the water separate from the land. After the case had been remanded to the district court the second time the plaintiffs, in order to prevent the defendants from transferring the water stock to an innocent purchaser for value before judgment was entered and to make sure that the water would not be overlooked in entering the decree, filed what they designated "Amendment" wherein it was pointed out that such water stock is appurtenant to this land and a part of the property which was the subject of this litigation and asked that it be so recognized in the judgment to be entered and that in the meantime defendants be enjoined from transferring the same. The court allowed this pleading to be filed and entered an order restraining the transfer of this water stock and refused to grant a motion by defendants that judgment be entered in said action in accordance with the mandate of this court, holding that such judgment should not be entered until a hearing was had on the nature of such judgment. Thereupon defendants applied for this writ. We granted the al-

ternative writ and the question is now presented whether it should be made permanent.

From the opinion of this court on the second appeal it is clear that it was not intended that the matter should be retried in the lower court but that the court should merely enter judgment in accordance with the mandate of this court. That is what defendant therein asks for in this proceeding and plaintiffs therein do not oppose that result. However, the defendants claim that such decree should award to plaintiffs nothing more than the land described in the deeds in question and should not include the water stock. But plaintiffs claim that the court has not only litigated the ownership of the lands but also of this water and the shares of stock which cover it and that the judgment should so hold.

Since the oral argument defendants have filed an additional brief contending that we should ignore the difference of opinion as to what should be covered by the judgment and leave it up to the trial court to enter the judgment it thinks proper under the decision as handed down, and wait until the matter is here again to determine that question. Since the matter is now before us and we have heard the arguments of both parties on that question we think it highly appropriate and proper that we determine that question now.

Regardless of the fact that the water stock was not expressly mentioned in the prayer of the complaint or the opinion of this court, its ownership was the subject of the litigation the same as the ownership of the real estate covered by the deeds in question. Every deed which conveyed this land also mentioned the water stock, or appurtenant water. The sheriff's deed expressly conveyed the water describing it as 119 shares of stock, as did the deed to LaVar and the mortgage back to Maria. If the conveyance of that land created only a trust the same is true of the water stock, and the decision of this court

covered all of the property described in those deeds. Such being the case the court in the judgment to be entered should make it clear that the defendants in said action are required to deliver and transfer the stock certificates as well as to transfer and convey the land to plaintiffs in that action.

Since the court has never showed any disposition to refuse to obey the mandate of this court, we do not feel it necessary to make the writ permanent. The writ is therefore dismissed and the court is directed to enter judgment immediately in accordance with the mandate in the second appeal as elucidated in this opinion.

In the petition of plaintiffs herein for this writ, they complain that the trial court refused to strike the cost bill which plaintiffs in that action filed after the remittitur from this court was filed in that court. However, in plaintiffs' brief they make no mention of this question. Under our rules where a party fails to argue a question he thereby abandons the same, and this court is therefore not called upon to pass on such question now. We, therefore, do not pass on that question in this proceeding.

Defendants herein are awarded their costs in this proceeding.

McDONOUGH, C. J., and WOLFE and LATIMER, JJ., concur.

PRATT, Justice (dissenting).

We have a strange proceeding before us. Counsel for the prevailing parties in this case as reported in 112 Utah 554, 189 P. 2d 135, 140, after that decision and with the consent of the lower court, filed an amendment to his various complaints alleging that there was appurtenant to the land involved in that decision, 119 shares of water stock of a named irrigation company; and asked the lower court to include those shares in its judgment to be rendered in conformity

with the following directive of this court—which is the decision on appeal reported as above:

"The judgment is reversed with directions to the trial court to enter judgment in conformity with this opinion."

Now, before us, that same counsel contends, in effect, that the amendment is unnecessary; that this issue of appurtenancy of water was previously decided and is contemplated as part of our directive. Evidently the lower court, who tried this case originally, does not agree with him, as it is holding the entry of judgment up pending a determination of that issue on the merits; upon pleadings joining that issue. Strangely enough, this same counsel did not initiate the present proceedings in order to compel the lower court to enter a proper judgment, as he now contends it should be, but seems satisfied to try the issues again. The present proceeding was initiated by the other side of the case.

I have examined the various briefs filed in this case in its different appearances before this court; and also the previous decisions rendered. I find nothing said about the appurtenancy of water to land.

The directive of this court directed specific action and did not throw the case open for further proceedings as was the case of *Phebus* v. *Dunford et al.,* 114 Utah 292, 198 P. 2d 973.

I see no merit to the action taken by counsel for the prevailing parties, and by the lower court; and I know of no facts upon which this court can now make the adjudication of appurtenancy. The lower court no doubt will proceed with the entry of judgment as originally contemplated, if and when he is informed of our attitude in the matter. We should inform him to proceed, and to strike the alleged "amendment" from the record.