Ludlum v. Fourth District Court.

----

## LUDLUM v. THE FOURTH DISTRICT COURT.

A *mandamus* will not issue to compel the Court below to enter a decree upon the report of a referee; the remedy is by appeal.

*Quere,* whether a *mandamus* is the proper remedy where the Court below refuses to enter a specified judgment, as directed by this Court.

APPLICATION FOR A MANDAMUS.

The plaintiff, Anthony Ludlum, was one of the intervenors, with Thomas A. Lynch and others, in the case of Alvin Adams v. Woods & Haskell, and held a lien against the estate of Adams & Co., by attachment, judgment, and execution.　The intervenors in that case based their right upon two grounds: first, fraud on the part of the copartners, in bringing the suit; and second, priority by virtue of intervenor's attachment.　The Court below permitted the intervention to be filed, but refused to stay proceedings in the case, or afford the parties any affirmative relief, but directed the receiver to proceed and distribute the money in his hands *pro rata* among the creditors; from which order the intervenors appealed to this Court.　The case was argued and determined at the July Term, 1857.　The Court decided that the intervenors had acquired a lien upon the property of Adams & Co., by attachment and judgment, prior to the decree of disolution, and that they were entitled to be first paid, and reversed the judgment below.　The Court below, not understanding the decision of this Court, ordered that a *pro rata* distribution of the money to the several creditors of Adams & Co., be made.　From which order and judgment, intervenors again appealed to this Court.　The case was fully and elaborately reviewed and decided at the January Term, 1858, reversing the judgment of the Court below, and directing the Court to enter

"a decree directing the receiver to distribute the proceeds in his hands, and all such proceeds as may hereafter come into his hands : first, to the several intervenors in the order of the priority of their respective attachments, and then the remainder to the other creditors *pro rata.*"

The plaintiff, in his application for a *mandamus,* alleges that on filing the *remittitur* in the Court below, one of the attorneys for the intervenors moved the Court, upon notice to the parties in said cause, they being present by their attorneys, and not objecting, for an order of reference to ascertain and settle the amount and nature of the liens upon the estate and moneys of Adams & Co., in the hands of the receiver, and the order of their priorities, which motion the Court refused to entertain, but ordered the said cause for trial as a chancery cause.   That afterwards, to wit : on the eleventh day of September, 1857, the said cause was regularly called for hearing, and all parties to the record being present by counsel, the intervenors offered in evidence all the records and papers on file in said cause, the defendants admitting the claims, attachments, and judgments, of intervenors, and the intervenors being about to introduce further evidence in proof of the allegations of their intervention, the Court ruled, that under the decision of the Supreme Court such proof was unnecessary, and that he would make the order of reference to ascertain the priority of the liens of the intervenors, which was all that was necessary.   J. A. McDougall, an attorney for the intervenors, then presented to the Court an order of reference, directing the referee, to be appointed, to report upon all liens, by attachment or otherwise, in the order of their priority; which order the Court refused to make.   The Court then stated that attaching-creditors claiming further liens, might file their intervention at any time before the report of the referee, and such claims should be referred to the referee for report, with other claims of intervenors.   That afterwards, other attaching-creditors did file their intervention, and the same were referred to the referee.   On the twenty-third day of September, 1857, the referee (Fletcher M. Haight,) made his report upon the several liens, in the order of their priority.   On the twenty-first day of November, 1857, Cohen and Jones, as assignees, and Cohen as receiver, filed certain stipulations, waiving all claims to the moneys in the hands of the receiver.   The intervenors then moved the Court for an order of distribution of the money in the hands of the receiver to the attaching and intervening-creditors, according to the report of the referee, which order the Court refused to make, or at that time to make any order in the premises, but stated that the Court would make an order of distribution on the Wednesday following.   On Wednesday, the Court postponed the making the order until Saturday, when the Court rendered a lengthy opinion, and directed an order to be

entered " distributing the moneys in the hands of the receiver *pro rata* amongst all the partnership-creditors whose claims have been reported and confirmed under the orders of the Court, and after the payment of the partnership debts, then the individual debts of the partners."

The plaintiff, Ludlum, further alleges, that the District Judge of the Fourth District Court, from time to time, when said case was called up in Court, and when moved by intervenors, did represent and intimate from the bench, that the distribution would be made to the attaching and intervening-creditors, in the order of their priorities, and that the Court only delayed ordering such distribution until the several accounts of the receivers and assignees in the case could be passed upon, and until the Court ascertain what sum would remain to be so distributed.

That the District Court, by means of such representations and intimations, did induce counsel of said intervenors, to make various stipulations and sacrifices to expedite and facilitate the disposal of the questions arising upon the settlement of the accounts of the receivers and assignees. The Court did also induce and influence the said counsel of said intervenors to submit the matters of said intervention at the trial, without any other evidence in support of the allegations of fraud and collusion, as set up in their several complaints of intervention, than what appears from the pleadings and papers on file in said cause, although plaintiff had other and conclusive testimony ready to be submitted to said Court, establishing said allegations of fraud and collusion. That the District Court has refused to enter any order of distribution other than the one above specified. Plaintiff asks for a *mandamus* against the said District Court, commanding said Court to carry out the judgment and determination of this Court, in the case of Adams *v.* Woods & Haskell, on the intervention of T. A. Lynch and others, and to make the distribution of the moneys in the hands of the receiver, according to the priority of the liens, etc.

An alternative writ of *mandamus* was issued, on the application of plaintiff, against the said District Court. On the return of the said alternative writ, John S. Hager, Judge of the said Fourth District Court, filed a lengthy written answer to the petition of plaintiff, making an exhibit of his minutes as Judge of said District Court, in said case, and setting forth the various orders and decrees, made from time to time, in the progress of the said case of Adams *v.* Woods & Haskell.

The answer admits motion made for an order of distribution, but avers that one G. F. Sharp, attorney, opposed the same for some of the creditors; also, denies that the Court ever intimated that it was unnecessary for intervenors to proceed further with their testimony; also, denies that the District Court

ruled that none but intervenors could claim the benefit of their liens, and that they must be first satisfied.

Answer further admits that the Judge of said Court has spoken, both off and on the bench, of a final decree and distribution in general terms, but never of a distribution to any particular class of creditors. Answer avers that there were claims and reports in favor of former receiver, and of Cohen, Roman, and Jones, assignees, and of Naglee, receiver, the several amounts of which far exceeded the fund in Court, and it was necessary to pass upon these claims and reports, before a decree of distribution could be made.

In respect to the charges of plaintiff of delay, etc., answer alleges that he was ill a portion of the time, and much pressed with business, and had not time to examind and make up his opinion. Answer denies the right of plaintiff to a writ of *mandamus*, and alleges that the plaintiff had a full, speedy and adequate remedy, by appeal from the judgments and decrees of said District Court; answer also denies any intention to disregard the decision of the Supreme Court, and avers that the decrees of said District Court were made as he understood and interpreted the law.

*James A. McDougall* for Plaintiff, Ludlum.

The power to issue the writ of *mandamus* is co-extensive with the power of the King's Bench, and is a necessary power. State Constitution, Art. VI, § 4; Practice Act, 467–8; People *v.* Turner, 1 Cal., 143; Russell *v.* Elliott, 2 Cal., 245.

Upon consideration it will be perceived, that without this power vesting somewhere in the government, complete justice could not be rendered, or perfect right maintained intact, in a great variety of cases.

The writ of *mandamus*, although originally a prerogative writ, has, for a long time, like the writ of error, become a writ of right. Kendall *v.* U. States, 12 Peters, 613.

This rule is laid down in numerous modern cases, and particularly and fully in a case in 14 or 15 Howard. The English rule will be found in 2 Stra., 949. That the Court will exercise a discretion when the facts or right is doubtful, is not disputed.

The former reversal, judgment, and opinion, of this Court, imposed on the Fourth District Court the duty to distribute the funds to us, as attaching-creditors, in the order of our priority, if we are attaching-creditors as alleged. This was not disputed in the Court below, but was admitted by express stipulation on the part of all the parties to this suit. It was not only the duty of the Court, but it was the ascertained right of the intervenors to have such distribution. Dewey *v.* Gray, 2 Cal., 374. This duty is ignored, and the right denied by the Court below, and we are told, that instead of a right to the order, we have only

the right to appeal.  We say, we cannot be required to appeal after the matter has been once adjudged in this Court.

There is no method whereby this duty can be enforced, or this right maintained intact, except by *mandamus*.

The cases relied upon by respondent, are none of them cases where the appellate tribunal had acted upon the subject-matter, and once determined, and consequently exhausted or terminated the discretion of the subordinate Court, and where an absolute right in the party litigant had accrued, to have a certain course of procedure.  The Court below had no more discretion as to the matters passed upon, than had the P. M. General, in Kendall *v.* U. States, 12 Peters, 613–14, or than the District Court in Johnson *v.* Glascock, 2 Ala., 519.

Without this Court take back the opinion, 2 Cal., 374, and the still later opinion in ——— *v.* ———, the opinion of this Court, in a particular case, is an authoritative direction to the Court below, and is the law of the case upon which the rights of the party, so far as the inferior tribunal is concerned, may rest. And this is peculiarly the case, in a case of equitable cognizance.

This case is within the common law rule, as to this writ.  3 Black. Com., 110 marg. p.; 1 Salk., 299 ; 1 Stra., 213 ; Sir T. Raymond, 214 ; 1 H. Black., 640, 467 ; 1 Wilson, 283 ; 3 Eng. Law and Eq., 412.

The action and opinion of the Fourth District Court, was a direct and contemptuous departure from the opinion of this Court, See opinion returned, and Adams *v.* Conerly, Jan. T., 1857 ; Case of Intervenors, July T., 1857 ; Naglee *v.* Minturn, Oct. T., 1857.

*Gregory Yale* for Respondent.

Counsel, to show the authority of this Court to issue writs of this character, cites § 4, Art. VI, of the Constitution of this State ; § 7, act of May 19, 1853 ; Practice Act, 466, 467, 472, 473, 474, 476 ; § 65, act of 15th May, 1854.

It has been held, that a *mandamus* is not the proper remedy to remove to this Court the records of the District Court, but that a *certiorari* should be issued in the case decided.  People *v.* Turner, 1 Cal., 152.

The Supreme Court of the United States, in the case of Marbrug *v.* Madison, 1 Cranch, deny the power to issue the writ under the Constitution, although directed by act of Congress. The Constitution excludes original jurisdiction in all cases except those enumerated, and a *mandamus* is an original suit. McIntire *v.* Wood, 7 Cranch, 504.

In Kentucky, it is expressly decided, that the writ is not necessary to the exercise of appellate jurisdiction, and this Court possesses no other.  Lawless *v.* Rees, 1 Bibb, 496.

Upon another head, as to controlling judicial discretions, this

Court has passed, in accordance with the general rule estab-lished by the authorities. Fowler *v.* Price, 2 Cal., 165; People *v.* Bell, 4 Cal., 177; People *v.* Olds, 3 Cal., 167.

It is not the proper remedy, when an inferior Court refuses to enter a judgment for costs. Peralta *v.* Adams, 2 Cal., 596. In Russell *v.* Elliott, 2 Cal., 246, this Court directed the District Court, by *mandamus,* to enter a judgment on a referee's report, upon the ground that the defendant, who applied, was without any other remedy.

*Mandamus* is a prerogative writ, and not a writ of right. Tap-ping, 58, (orig. p., 5;) Ex parte Fleming, 4 Hill, 583.

*Mandamus* not granted, where there is an adequate remedy. Ex parte Lynch, 2 Hill, 45. Nor where writ of error, appeal, or *certiorari* will lie. People *v.* Collins, 19 Wend., 60. A proper case for a writ of error, and not of *mandamus.* People *v.* Judges of Oneida, 21 Wend., 22. Nor to avoid the effects of a final judgment. State *v.* Bowan, 6 Ala., 511. Nor even though there be no other remedy, and a party has to seek redress by applica-tion to the Legislature for relief. Fowle *v.* State, 3 Ha., 207.

Affidavit on which the alternate *mandamus* was granted, not to be used upon the return, except to show the nature of the ap-plication. 7 Wend., 474.

When Courts commit manifest error, or are guilty of an abuse of power, an action for damages will lie—they being answerable only. Criminaliter, People *v.* Collins, 19 Wend., 56.

Where a discretion is vested in an inferior tribunal, a *man-damus* will not lie. It is proper, only where some legal right has been refused or violated, and there is no other appropriate legal remedy. People *v.* Superior Court, N. Y., 5, Wend., 122, 125.

There can be, in the nature of things, no rule by which discre-tion can be precisely measured. People *v.* Collins, 19 Wend., 60; People *v.* Judges of Oneida, 18 Wend., 75; Ex parte Benson, 7 Cow., 362; Ex parte Nelson, 1 Cow., 422; 1 Denio, 679; Es-trandier's Case; People *v.* Judges of Duchess, 20 Wend., 659; Ex parte Ostrander, 1 Denio, 682; Elkins *v.* Atheam, 2 Denio, 192; Redding *v.* Commonwealth, 1 Jones, 200; Ex parte Hoyt, 13 Pet., 291; 10 Texas, 263; 6 Eng. Law and Eq., 373; 12 Barb., 117; 15 Ala., 740.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., and FIELD, J., concurring.

This was an application for a *mandamus* to compel the District Court for the Fourth Judicial District, to enter a decree, directing the receiver appointed in the case of Adams *v.* Woods & Haskell, to pay the amount of the claim of petitioner, as allowed by the report of the referee. The material facts of the case are fully

stated in our opinion, delivered at the present term, in the matter of the intervention of T. A. Lynch and others.

From the facts stated, it will be seen that the *truth* of the allegations contained in the bill of intervention had to be determined by the judgment of the Court below; and that, for this reason, the case was remanded for further proceedings. Had this Court directed the Court below to enter a specified judgment, the case would have presented a different aspect. Upon whatever ground the Court below bases its decision, refusing the relief prayed for by the bill of intervention, it is only error, and the remedy is by appeal. Had that Court refused to confirm the report of the referee, the only remedy would have been by appeal. The judgment of this Court, at the July term, 1857, was not that the intervenors were *then* entitled to the relief demanded, but only that they were so entitled upon proof of their allegations. The District Court had, therefore, to exercise its discretion in granting or withholding the relief asked by the intervenors. The case made does not justify the remedy sought by *mandamus*, conceding that such a remedy is proper in a case where this Court directs the Court below to enter a specified judgment, and that Court refuses to do so. But whether *mandamus* would be the proper remedy in this latter case, we do not now decide.

The application must be denied.