LARSEN et al. v. RYAN et al.

No. 3321.  Decided April 2, 1919.  (180 Pac. 178.)

1. APPEAL AND ERROR—FINDINGS—EVIDENCE. Findings of the trial court supported by substantial evidence are conclusive upon appeal. (Page 254.)

2. EXECUTION—WRONGFUL EXECUTION—DAMAGES. Where property in which plaintiff owned a part interest was wrongfully sold under execution, plaintiff may recover the reasonable value of his interest, although such value exceeded what he paid for it. (Page 255.)

3. EXECUTION—WRONGFUL SALE—RECOVERY OF DAMAGES. An action to recover property or the value thereof, because wrongfully sold under execution, is properly treated as one for damages only, where plaintiff did not attempt to obtain possession by filing necessary affidavit, etc. (Page 255.)

4. EXECUTION—WRONGFUL EXECUTION—PERSONS LIABLE. In action for wrongful execution sale, recovery may be had against the sheriff who sold the property and execution purchaser, as well as the judgment creditor. (Page 256.)

Appeal from Third District.

5.  EVIDENCE—SECONDARY EVIDENCE—COPY OF EXECUTION—FOUNDATION. In action for wrongful execution sale, a copy of the execution is inadmissible, where no foundation was laid for the receiving of secondary evidence. (Page 257.)

6.  EVIDENCE—JUDGMENT—METHOD OF PROVING. Under Comp. Laws 1917, section 7088, providing that judicial records may be proved by the original or a certified copy, a judgment must be proved by producing the judgment docket or a certified copy of the entry therein.[1] (Page 257.)

7.  EVIDENCE—JUDGMENT—CERTIFIED COPY. Under Comp. Laws 1917, section 7088, requiring judicial records to be proved by the original or certified copy, a judgment cannot be proved by the original findings of fact, conclusions of law, and decree, unless certified to be a copy of the entry in the judgment docket. (Page 257.)

8.  APPEAL AND ERROR—ASSIGNMENT OF ERROR—NECESSITY. Where an answer containing a plea of justification was not entirely lacking in substance, and no assignment of error was filed regarding it, that portion of the answer cannot be reviewed upon appeal. (Page 259.)

9.  APPEAL AND ERROR—CROSS-ASSIGNMENT—NECESSITY. Respondent's contention that a finding was unsupported by evidence cannot be reviewed, where no cross-assignment was filed. (Page 259.)

Appeal from the District Court of Summit County, Third District; *Hon. P. C. Evans*, Judge.

Action by Ola W. Larsen and Annie M. Larsen against P. F. Ryan and others.

From a judgment the plaintiffs appeal.

AFFIRMED in part and REVERSED in part.

*Walton & Walton* of Salt Lake City, and *Wm. S. Willes* of Heber City, for appellants.

*Morris & Callister* of Salt Lake City and *Chas. J. Wahlquist* of Duchesne, for respondents.

---

[1] *Lukich* v. *Utah Construction Co.*, 46 Utah, 317, 150 Pac. 298; *Sweetser* v. *Fox*, 43 Utah, 40, 134 Pac. 599, 47 L. R. A. (N. S.) 145, Ann. Cas. 1916C, 620.

FRICK, J.

The plaintiffs, Ola W. and Annie M. Larsen, commenced this action against the defendants jointly to recover judgment for the value of certain personal property. The plaintiffs, in their complaint, in substance, alleged that the Summit County Mercantile Company is a corporation; that plaintiffs are the owners and entitled to the possession of one threshing machine or separator, describing the same, of the value of $700, one Woodbury horse power of the value of $475, one Peoria weigher and sacker of the value of $85, and a lot of tools and accessories which are described in the complaint; that on a certain day named the "defendants wrongfully and unlawfully took said property from the possession of the plaintiffs" and have detained, and continue wrongfully to detain, the same from the plaintiffs; that by reason of taking the said property plaintiffs have been deprived of the use thereof, which use is alleged to be of the value of $600; that by reason of such wrongful detention by the defendants plaintiffs have been damaged in the sum of $200 and have been otherwise damaged. Plaintiffs prayed judgment "for the recovery of said property, or, if recovery cannot be had, for the value thereof," and for the alleged damages amounting in all to the sum of $900. No attempt was made to obtain possession of the property by the plaintiffs, and the action was prosecuted and determined as an action for damages only.

The defendants answered separately. The defendant P. F. Ryan filed an answer in which he admitted that the defendant Summit County Mercantile Company is a corporation and denied all other allegations contained in the complaint. He then set up an affirmative defense by admitting the taking of said property, but averring that he did so as sheriff of Summitt county; that he took the same by virtue of an execution issued upon a judgment obtained in the district court of such county by the defendant Summit County Mercantile Company, hereinafter called "corporation," against Rasmus Larsen, Nels W. Larsen, and Mrs. Nels W. Larsen. Nels W. Larsen does not seem to figure further in the case, and it

seems that Mrs. Rasmus Larsen is the plaintiff Annie M.
Larsen. The answer of defendant Ryan further sets up what
it is contended constitutes a justification, and further avers
facts purporting to constitute an estoppel against the plain-
tiffs. The defendant Ryan also alleged that at the time of
the levy of the execution the property levied on was ''claimed
by, and then and there in the personal possession of, the judg-
ment debtor, Rasmus Larsen.'' The defendant corporation
also denies the allegations contained in the complaint, except
its corporate existence, and pleads the judgment in its favor,
and sets up facts in which it attempts to state a justification.
The defendant E. E. Hodson, in his answer, denies the allega-
tions of the complaint except the corporate existence of said
corporation, and sets up the fact that he purchased the prop-
erty in question at sheriff's sale, etc.

The case was tried to the court without a jury, and, after
hearing the evidence, the court, in substance, found the facts
as follows: That at the time the property in question was
seized by the sheriff, and at the commencement of this action,
the plaintiff Ola W. Larsen ''was the owner of an undivided
interest * * * subject to a purchase money lien in favor
of the Minneapolis Threshing Machine Company''; that the
plaintiff Annie M. Larsen ''was at no time the owner of any
of said property''; that said property was purchased by Ras-
mus Larsen; and that before it was seized upon execution he
had sold a half interest to the plaintiff Ola W. Larsen, ''which
sale was in good faith and for a valuable consideration.'' The
court further found that the defendant corporation had ob-
tained a judgment against Rasmus Larsen in the district
court of Summit county; that execution was duly issued
thereon; that the same was levied on the property in question
by the defendant Ryan, the sheriff of said county; that said
property was seized and taken from the possession of the
plaintiff Ola W. Larsen and said Rasmus Larsen and by said
Ryan sold as the property of said Rasmus Larsen to the de-
fendant E. E. Hodson, and the proceeds of said sale were
applied in satisfaction of the judgment aforesaid; that said
Hodson, ever since said sale, has been in possession of said

property; that said Hodson paid the balance of said purchase price due on said property, to wit, $210, to said Minneapolis Threshing Machine Company. The court also found "the property is described and the correct value of each article thereof stated in paragraph 2 of plaintiff's amended complaint," where the articles and the values are stated as we have stated them herein in setting forth the allegations of the complaint. The court further found: "The plaintiff Ola W. Larsen paid $120 for his interest in said property." The court then found, as conclusions of law that the plaintiff Ola W. Larsen "is entitled to a judgment against the defendant Summit County Mercantile Company for the sum of $120, together with the costs of the action; that the defendants E. E. Hodson and P. F. Ryan are entitled to a judgment against the plaintiff Ola W. Larsen of no cause of action and for their costs; and all the defendants are entitled to a judgment against the plaintiff Annie M. Larsen of no cause of action and for costs." Judgment was entered accordingly, from which Ola W. and Annie M. Larsen appeal and jointly and severally assign errors which we shall now proceed to consider.

One of the principal errors assigned is that the court erred in finding that Annie M. Larsen had no interest in said property. This being a law action, we, under the repeated rulings of this court, are bound if there is any substantial evidence to support the finding assailed. There certainly is some substantial evidence in this record supporting the court's finding respecting Annie M. Larsen's interest in the property. It would merely incumber this opinion, without accomplishing any good purpose, to set forth the evidence; hence we shall do no more than to state our conclusion as aforesaid.

What has just been said also disposes of the contention that the court erred in finding that Rasmus Larsen was the sole and original purchaser of the property in question. There is at least some substantial evidence to that effect, and hence that assignment must also fail.

It is next urged by plaintiffs that the court erred in limit-

ing the recovery of Ola W. Larsen to the sum of $120, and also erred in granting him relief only as against **2, 3** the corporation. While the complaint seems to have been framed upon the theory of claim and delivery, yet no effort was ever made by the plaintiffs to obtain possession of the property, and it seems no affidavit in claim and delivery was ever filed, and the action proceeded as one to recover damages for the wrongful taking of specific personal property. While the court did not make a specific finding respecting the value of Ola W. Larsen's interest in the property, yet it did find that he owned an undivided one-half interest therein and that the threshing outfit in which he owned such one-half interest was of the value as we have stated it in stating the allegations contained in the complaint. The value there stated, and as necessarily found by the court, was therefore $1,260. According to the court's finding, however, there was a balance due to the threshing machine company on the purchase prime amounting to $210. Ola W. Larsen, therefore, owned a one-half interest in the threshing outfit the value of which was found to be $1,260, which was burdened with a debt of $210. The court, however, found that Ola W. Larsen had paid only $120 for his one-half interest, and hence limited his recovery to that sum. His counsel complain of that finding and conclusion and insist that the court erred in that regard for two reasons: (1) Because according to the undisputed evidence Ola W. Larsen's one-half interest was shown to be worth considerably more than $120; and (2) because the court could not compel him to sell or dispose of his interest in any event. With regard to the first contention, we think counsel are manifestly right. If Ola W. Larsen owned a one-half interest in property worth $1,260 burdened with a portion of the unpaid purchase price amounting to $210, the court should have found the true value of such interest at the time he was dispossessed of the property by the unlawful acts of the defendants. The mere fact that he only paid $120 is no reason why he should not recover the full value of the property if it was in fact worth more than what he paid therefor. As the evidence and findings now stand, Ola W. Larsen's interest, prima facie at least, was worth more than what he paid for it. No one can successfully dispute his right to recover the actual

value of his property of which he was wrongfully deprived. As to the contention that the court erred in compelling Ola W. Larsen to sell or to part with his property at any price, it is sufficient to say that the action was in fact prosecuted, not as an action to recover possession of specific personal property, but it was prosecuted for the purpose of recovering damages as in an action for conversion or wrongful taking of personal property. The plaintiffs had a right to prosecute the action for that purpose. *Bates* v. *Capital State Bank*, 21 Idaho, 141, 121 Pac. 561; Shinn, Replevin, sections 323, 324. In view that the action proceeded as one for damages only, the court did not obtain jurisdiction of the property involved in the action. Shinn, Replevin, section 324, supra. The only relief the court could therefore grant was to award Ola W. Larsen damages, and the measure of his right in that regard was the actual value of his interest in the property at the time it was taken with legal interest thereon from that time. The court therefore erred in not finding the value of Ola W. Larsen's interest and also erred in limiting his recovery to the amount he paid for the one-half interest in the property. The court did not err, however, in disposing of the action as one for damages merely. That, under the circumstances, was the only relief to which Larsen was entitled in view that he never attempted to obtain possession of the property by filing the necessary affidavit, etc.

The contention that the court erred in limiting Ola W. Larsen to a judgment against the corporation only is, we think, also well founded. The court found that Ola W. Larsen's property was taken upon an execution based on a judgment which was entered against Rasmus Larsen. Ola's property was therefore unlawfully taken by the sheriff. The sheriff was directed by the execution to take Rasmus Larsen's property and not Ola's. If the sheriff had been sued alone, he could have had the corporation made a party defendant with him in the action under Comp. Laws 1917, section 6515. Ola W. Larsen, therefore, had the right to bring his action against both the sheriff and the corporation, and, inasmuch as Hodson had also interfered with the

property rights of Ola, he could sue all of the tort-feasors in one action, just as was done, and recover judgment against all who had wrongfully interfered with his property rights. The court therefore erred in preventing Ola from obtaining relief against all the wrongdoers. While it is true that under certain circumstances one tort-feasor may have a defense which is not available to another tort-feasor, yet we have no such case here. While the sheriff attempted to plead an estoppel, yet his plea in that regard was wholly insufficient.

It is next contended that the court erred in admitting in evidence a copy of the execution under which the property was taken by the sheriff. Undoubtedly the sheriff should have produced the original execution, or if that was lost or destroyed, then to have had it restored according to the well-established rules of law and procedure. The court, however, admitted the copy in evidence without following the usual procedure in admitting secondary evidence of a lost document. In doing that the court erred. In view, however, of the whole record, if that were the only error complained of we should not feel inclined to reverse the judgment.

It is next insisted that the district court erred in receiving in evidence the "original findings of fact, conclusions of law, and decree" in the case where judgment was obtained against Rasmus Larsen, and in favor of the corporation in which case the execution was issued. Defendants' counsel sought to prove the judgment by producing the findings, conclusions of law, and decree aforesaid. Objection was made by plaintiffs to that method of proving a judgment, and the court overruled the objection, received the papers aforesaid, and plaintiffs excepted and now insist that the ruling of the court constitutes error. In this case the defendants attempted to prove a judicial record, namely, the judgment in the case against Rasmus Larsen, by one of the attorneys who identified what they are pleased to call the original findings of fact, conclusions of law, and so-called decree, and who testified to the signature of the judge who rendered the judgment in that case. No effort was made to prove the judgment by producing the judgment docket wherein it

was entered or by producing a copy of the judgment docket duly certified to by the clerk of the district court who had custody of the docket. Although those papers were signed by the judge, yet he possessed no power under the statute to certify to them as copies, etc. Had the clerk certified to the correctness of the papers offered as copies and as constituting copies of the original judicial record and judgment, the question would be different. Our statute, however (Comp. Laws 1917, section 7088), provides how a judicial record, that is, a judgment, must be proved. That section reads:

"A judicial record of this state, or of the United States, may be proved by the production of the original, or by a copy thereof certified by the clerk or other person having the legal custody thereof. That of another state or of a territory may be proved by the attestation of the clerk and the seal of the court annexed, if there be a clerk and seal, together with a certificate of the chief judge or presiding magistrate that the attestation is in due form."

That section, however, as every lawyer knows, merely states the general rule. See 2 Freeman, Judgments, section 407; 1 Elliot, Ev. section 212; 3 Jones, Com. Ev. sections 620, 621. Comp. Laws 1917, section 6865, requires the clerk of the district court to keep a "judgment book" in which judgments must be entered. There are several other sections to the same effect. This court has repeatedly held that an appeal does not lie from a judgment unless and until the judgment has been duly entered by the clerk of the district court. *Lukich* v. *Utah Construction Co.*, 46 Utah, 317, 150 Pac. 298. That case has been approved and followed in a number of other cases. We have also held that a judgment is enforceable by execution or by another action only from the time it is entered as aforesaid. *Sweetser* v. *Fox*, 43 Utah, 40, 134 Pac. 599, 47 L. R. A. (N. S.) 145, Ann. Cas. 1916C, 620. In order to prove a judicial record of this state, the party desiring to do so must therefore produce the original by producing the judgment docket where it is entered, or produce a copy of the judgment there entered duly certified to be a copy by the clerk of the district court in whose custody the docket is kept. The judgment, within the purview of section 7088, supra, as entered in the docket, constitutes the original and not the

papers prepared by the attorneys and signed by the judge. Those papers, if properly certified to as copies, may constitute proper and sufficient evidence; but if uncertified to as copies they are not competent evidence of the original judgment, and unless certified to by the clerk of the district court, as copies, should not be received as evidence at all if objected to. It is a very simple matter to prove a judicial record of this state; and the district courts, if objection is made, in order to avoid error, should require the parties to comply with the provisions of the statute. A judgment speaks for itself, and, as a general rule, in order to prove a judgment, it is not necessary to produce the findings of fact and conclusions of law. While it will not vitiate the proof if they are produced and admitted in evidence in connection with the judgment, yet, unless it becomes necessary to prove what has been litigated and adjudged in an action, it is not necessary, as pointed out by Mr. Jones in the section above cited to produce the pleadings, findings of fact, and conclusions of law in order to prove a judgment. It is manifest that the district court did not follow the law in this case, and hence it erred in admitting the so-called original findings of fact, conclusions of law and decree in the former case as evidence in this case.

It is also insisted that the facts stated in the sheriff's answer are insufficient to constitute a plea of justification. No assignment concerning that matter was filed, however, and, in view that the sheriff's answer in that regard is not entirely deficient in substance respecting his plea of justification, we are not permitted to review that matter.

While plaintiffs have assigned a number of other errors, yet all the material assignments are covered by what has been already said.

Respondent's counsel, however, insist that the court's findings respecting Ola W. Larsen's right to a one-half interest in the property in question is not supported by the evidence. There is no cross-assignment of error covering that matter, and hence we cannot review it.

For the reasons stated, the judgment in favor of E. E. Hod-

son and P. F. Ryan, the sheriff, of no cause of action, is reversed. The judgment in favor of Ola W. Larsen against the corporation is also reversed, and the cause is remanded to the district court of Summit county with directions to grant said Ola W. Larsen a new trial. The judgment in favor of the defendants and against Annie M. Larsen is affirmed. Ola W. Larsen will recover costs on appeal against all the defendants.

CORFMAN, C. J., WEBER, GIDEON, and THURMAN, JJ., concur.