## MADSEN v. MADSEN et al.

No. 4342.   Decided June 18, 1928.   (269 P. 132.)

98

*Carlson & Carlson,* of Salt Lake City, and *Shirley S. Atkin,* of Mt. Pleasant, for appellant.

*A. H. Christenson,* of Provo, and *Lewis Larson,* of Manti, for respondent.

WIGHT, District Judge.

This case has been once decided by this court, and a rehearing was granted. The opinion first handed down will not be published, since it seems necessary in discussing the

questions involved to cover much the same ground covered in the first opinion.

By his complaint, respondent alleges, in substance, as a first cause of action, that on or about April 1, 1910, he was the owner and entitled to the possession of 150 head of sheep of the value of $2,000, marked and branded with his recorded mark and brand, which were lost from his herd in Wayne county, Utah; that he was informed, believes, and alleges that the defendants wrongfully and unlawfully took possession of and commingled them with those of the defendant Rasmus L. Madsen, where they have continued ever since to remain, without the knowledge or consent of respondent; that defendants well knew of respondent's ownership of said sheep and unlawfully concealed from him the fact of such possession; that defendants unlawfully and fraudulently took the wool and lambs produced by said sheep for the year 1910 of a total value of $1,040, and converted the same to their own use, and wrongfully and fraudulently concealed from respondent that they had done so—all of which facts were wholly unknown to respondent until on or about January 1, 1922. Demand is made for judgment for damages in the sum of $1,040.

The wording of the second and third causes of action is the same as the first, except that the wool and lambs produced for the years 1911 and 1912, are alleged to have been appropriated, and judgment demanded for the value thereof for said years, respectively.

In the fourth cause of action respondent makes the same allegations with reference to the loss of the sheep, the defendants' possession, concealment, etc., and further alleges that they "unlawfully, wrongfully, and fraudulently earmarked and branded with said Rasmus L. Madsen's ear mark and brand the said sheep during the year 1912, and unlawfully, wrongfully, and fraudulently converted the same to their own use," and have "ever since wrongfully and fraudulently concealed" such possession and appropria-

tion and marking, and alleges respondent's ignorance thereof until January 1, 1922.

Only the defendant Rasmus L. Madsen was served with summons. The other defendant, who was his foreman, not having appeared, we shall refer to the parties as respondent and appellant.

The action was commenced in August, 1924. Appellant moved to strike the first three causes of action upon the grounds that each was "irrelevant, redundant, sham, frivolous, and duplicitous," because in reality they are the same attempted to be alleged in the fourth, and constitute "an attempt to split" that cause. The demurrer raises the same question, and also challenges the sufficiency of the complaint to state any action at all, and pleads in bar of all four causes section 6468, Compiled Laws of Utah, 1917, and particularly paragraphs 3 and 4 thereof, charges ambiguity because the locality where the loss of sheep occurred, the manner of concealment, the time, place, where, and manner the wool was taken are not stated, and that it cannot be ascertained whether the action is for claim and delivery of personal property, for conversion, or for relief upon the ground of fraud or mistake.

Both the motion to strike and the demurrer were overruled, and appellant answered, putting in issue all the allegations of the complaint, and again pleading section 6468, Compiled Laws of Utah, 1917, in bar of each cause of action stated therein. When called for trial, appellant moved that respondent be required to elect on the theory or cause of action on which he would rely. On the statement of counsel that respondent was not trying to recover the sheep, this motion was overruled. Objection was made to the introduction of any evidence upon the grounds stated in the demurrer and motion to strike and this was likewise overruled.

Exceptions were taken to the various rulings of the court above referred to. The rulings are assigned as error on this appeal. It will not be necessary to consider them separately.

Respondent's evidence tended to prove: That his employees searched diligently for the lost sheep as soon as their loss was discovered; that they were later found in the appellant's herd by a stray gatherer who was authorized by respondent in writing to search for, take possession of, and return to him any of his strays found. His compensation therefor was based on the number of sheep so recovered. If he failed to find and return any lost sheep, he was entitled to no compensation. His services in that respect were given to both parties to this suit, as well as to many, if not all, sheepmen herding sheep in that section of the state and over a territory embracing several counties. That the stray gatherer started to take respondent's sheep from appellant's herd at the time he discovered them, but, on discovering the large number, and understanding that appellant was soon to take his herd into the vicinity of respondent's, put back those taken out, and had a conversation with appellant from which he understood that those sheep would be delivered to respondent by appellant when the herds were in the same locality and could be more conveniently done. That the lost sheep included certain distinctly marked sheep called "pintos," easily identified by natural markings without reference to the brands and marks of respondent on them. That appellant took the wool and increase from said sheep for the years 1910, 1911, and 1912, and on or about July 1, 1912, appellant marked and branded respondent's said sheep with his own mark and brand, the brand, or earmark being one which had not been generally used by him theretofore and being one which practically obliterated that of respondent. That this was done at a remote and secluded place, and that appellant sent his able-bodied American herder away to herd bucks, while he, Keller, his foreman, and a lame Mexican did the branding. That, after getting respondent's sheep into his possession, appellant grazed his sheep in a locality far removed from that used by respondent and different from that used by appellant immediately theretofore.

From a judgment for respondent on all four causes of action, this appeal is taken.

A conversion of personal property is defined as an unauthorized assumption and exercise of the right of ownership over goods or personal chattels of another to the alteration of their condition or the exclusion of the owner's rights, and "trover" is the technical name of the common-law action provided for the redress thereof (38 Cyc. 2005), and the measure of damages for conversion when property is not returned is the value of the property at the time of the conversion, plus interest. *Whittler* v. *Sharp*, 43 Utah 419, 135 P. 112, 49 L. R. A. (N. S.) 931; *Larsen* v. *Ryan*, 54 Utah 250, 180 P. 178.

There is nothing in the complaint indicating a bailment or resulting trust. The allegations in each of the four causes of action are specifically a wrongful and unlawful taking and commingling of said sheep with those of the appellant, without the knowledge or consent of respondent, on or about April 1, 1910. Such language charges a conversion on that date, not a bailment or trust, and the measure of damages, therefore, must be limited to the market value of the lost sheep at that time and place, with interest from that date. The market value at the time would be enhanced to a certain extent at least, by reason of the prospect of their increase and the wool they would produce thereafter. Respondent asked for and obtained judgment for both the value based on that prospect and for the wool and lambs they produced. No allowance is made for expense of herding and feeding the sheep, so that the net profits therefrom could be ascertained for the years 1910, 1911, and 1912.

We do not mean to hold that one whose property is unlawfully taken or withheld may not, in a proper case, and by timely election, claim a resulting trust in the property for his benefit, but we do hold that the complaint in this case alleges a conversion of the lost sheep in April, 1910. It alleges an unlawful taking, com-

mingling, and detention from that time with knowledge of respondent's ownership. True, other acts showing an intent to exercise an unauthorized assumption and right of ownership over the sheep are alleged. If respondent may elect and rely upon one of several acts tending to show a conversion later in time than those which first occur and which of themselves constitute a conversion, and in that way change and enlarge the measure of his damage, the rule adopted by this court in the cases above cited as to the measure of damage would never be followed. Respondent could as well have alleged the shearing of those sheep and conversion of their wool in 1920 as the act constituting the conversion and sought in eleven causes of action to recover the wool and increase from them, and in still another to recover the value of the sheep.

In each of the first three causes of action respondent alleges, first, the conversion of the lost sheep, and then proceeds to say that thereafter they produced wool and lambs, which the appellant also converted, and ■ for the later conversion respondent asks damages.

If he may do that for one year, or three years, why may he not continue on for the full fourteen years up to the commencement of this action, and, if the lambs produce wool, why may he not include their wool and increase as well? The measure of damages is not elective with respondent except that he may choose his form of action. In this case respondent sued in trover, and his measure of damages cannot be changed by splitting his one cause of action into four, nor can he, by doing so, change the measure of his damages therefor.

Comp. Laws Utah 1917, § 6468, pleaded in bar ■ of the cause of action stated by respondent, reads as follows:

"3. An action for taking, detaining, or injuring personal property, including actions for specific recovery thereof, within three years; provided, that in all cases where the subject of the action is a domestic animal usually included in the term 'live stock,' having

upon it at the time of its loss a recorded mark or brand, and when such animal was strayed or stolen from the true owner *without his fault,* the statute shall not begin to run *against an action for the recovery of such animal* until the owner has *actual knowledge of such facts as would put a reasonable man upon inquiry* as to the possession thereof by the defendant.

"4. An action for relief on the ground of fraud or mistake, three years; the cause of action in such case not to be deemed to have accrued *until the discovery by the aggrieved party of the facts constituting the fraud or mistake.*" (Italics ours.)

It will be observed that an action for taking, detaining, or injuring personal property, and for the recovery thereof, is, by the third subdivision of the statute, quoted above, barred in three years. The exception is limited to actions "for the recovery" of domestic animals strayed or stolen from the owner without his fault, in which case the statute does not begin to run until the owner has "actual knowledge of such facts as would put a reasonable man upon inquiry."

The action here is not for the recovery of the sheep, nor does respondent attempt to bring himself within the exception by pleading that he had not actual knowledge of facts which would put a reasonable man on inquiry, which he must do to bring his cause of action within the exception stated in the third subdivision.

The question, therefore, is whether, by the two subdivisions pleaded in bar of respondent's action, the Legislature intended that, subject only to the one exception mentioned, i. e., an action for the taking, detaining, or injuring personal property, it should be barred in three years. Clearly that was not intended. In the absence of fraud or mistake, a cause of action therefor is, by the third subdivision, barred absolutely in three years except in cases where the property is a domestic animal yet in existence and the action is for its recovery. If, however, as here, it is sought to be charged that the animals were fraudulently taken, commingled, and concealed by the defendant, the action falls within the fourth

subdivision, and is not tolled until three years after discovery of the facts constituting the fraud or mistake.

This being true, has respondent by his complaint stated facts sufficient to constitute a cause of action? To state that an act is fradulently done is to state merely ▮▮ a conclusion, and is but a characterization. The same is true when it is said that one fraudulently conceals. *Strout* v. *United Shoe Mach. Co.* (D. C.) 208 F. 646; *Wood* v. *Carpenter,* 101 U. S. 135, 25 L. Ed. 807; *Hardt* v. *Heidweyer,* 152 U. S. 547, 14 S. Ct. 671, 38 L. Ed. 548; 37 C. J. 1201; 37 C. J. 1235. But the complaint here states more. It is alleged that the defendant took the sheep into his possession; that he knew of respondent's ownership of them; that he commingled them with his own; that he took the wool and lambs from them and appropriated them; and that he earmarked and branded them with his own earmark and brand, which facts were concealed.

The general demurrer to the fourth cause of action was properly overruled.

Appellant contends that knowledge on the part of the stray gatherer of appellant's possession of respondent's sheep was notice of that fact to respondent, and regardless of all other considerations, the statute of ▮▮▮ limitations ran from the date of such notice. Giving the testimony its most favorable interpretation in that regard, we cannot so hold. He was stray gatherer for both parties to this suit, and for other sheepmen, and his field of activity seems to have been limited only to the territory which he might be able to cover. He was paid only when he recovered lost sheep and returned them to the owner. The place to look for them was left to him. If he found no strays and failed to return any, he got no compensation. He was paid for results, and the manner of performance was left entirely to him. He was an independent contractor merely, and notice to an independent contractor does not bind the principal. Mechem on Agency (2d Ed.) § 1834.

From what has been said, it follows that the judgment will have to be set aside and the case remanded to the trial court with directions to sustain the special demurrer to the first, second, and third causes of action upon the ground that they constitute but an attempt to split the one cause action which respondent has stated by his complaint; that respondent be permitted to amend his complaint if he so desires. Such is the order; appellant to recover costs.

THURMAN, C. J., and STRAUP, HANSEN, and GIDEON, JJ. concur.

CHERRY, J., being disqualified did not participate.