## MADSEN v. MADSEN et al.

No. 5112.   Decided August 6, 1931.   (1 Pac. [2d] 946.)

O. W. *Carlson,* of Salt Lake City, for appellants.

*Lewis Larson,* of Manti, and *A. H. Christenson,* of Provo, for respondent.

McKINNEY, District Judge.

On the former appeal in this case (72 Utah, 96, 269 P. 132, 135) this court entered the following order and judgment:

"From what has been said, it follows that the judgment will have to be set aside and the case remanded to the trial court with directions to sustain the special demurrer to the first, second, and third causes of action upon the ground that they constitute but an attempt to split the one cause of action which respondent has stated by his complaint; that respondent be permitted to amend his complaint if he so desires. Such is the order; appellant to recover costs."

Said judgment, and the opinion in connection therewith, were certified October 5, 1928, to the Seventh judicial district court in and for San Pete county, Utah. The remittitur to said court reads as follows:

"This cause having been heretofore submitted on the rehearing granted, and the court now being further advised in the premises it is ordered, adjudged and decreed that the judgment of the District Court herein be and the same is set aside and said cause is remanded with directions to the trial court to sustain the special demurrer to the first, second and third causes of action upon the ground that they constitute but an attempt to split the one cause of action stated by plaintiff in his complaint. It is further ordered that plaintiff be permitted to amend his complaint, if he so desires. Appellant to recover costs."

Said remittitur was filed in the district court on November 20, 1928.

On May 23, 1930, without any further proceedings being had in the cause and without notice to the appellant, the court caused the following order to be made and entered in the minute book:

"This case having heretofore been tried in this court, and Rasmus L. Madsen appealed said cause to the Supreme Court of the State of Utah from the judgment and decision of this court, and after hearing the appeal, the Supreme Court, by its decision ordered the judgment of the lower court set aside with directions to the District Court to sustain the special demurrers interposed by the defendant to the first, second and third causes of action set out in plaintiff's complaint, and affirms the decision of the lower court with respect to the fourth cause of action, and the remittitur from the Supreme Court having been filed in this court, and now upon motion of Lewis Larson, counsel for plaintiff, and pursuant to the remand and directions of the Supreme Court of the State of Utah, it is ordered that the special demurrer to the first, second and third causes of action be and is sustained, on the ground that said causes of action constitute an attempt to split one cause of action. And it is further ordered that the plaintiff, Ernest Madsen, do have and recover judgment against the defendant, Rasmus L. Madsen, in the sum of $1,414.22, and that said judgment is to bear interest at the rate of eight per cent. per annum from this date until paid."

And on the same date the district court, without any further proceedings being had in the cause and without notice to the appellant, made findings of fact, conclusions of law, and entered judgment as follows:

"This cause came on regularly for trial before the court, sitting without a jury, on the 4th day of March, A. D. 1925, and continued from day to day until the 9th day of March, A. D. 1925, when the trial of said cause was concluded; the plaintiff appearing in person and by A. H. Christensen and Lewis Larson, his attorneys, and the defendant, Rasmus L. Madsen, appearing in person and by S. S. Atkins, his attorney, and the defendant George Keller, not appearing, either in person or by attorney, he not having been served with process in the cause.

"Witnesses were sworn and examined and oral and documentary evidence was adduced by and on behalf of the respective parties and the evidence being closed, the case was argued to the court by the respective counsel, and the case was submitted to the court for decision, and the court, after considering the evidence and arguments of counsel, and being fully advised in the premises, made certain findings of fact, conclusions of law and judgment, which were duly filed in the cause as the decision of the court. Thereafter the defendant, Rasmus L. Madsen, duly appealed said cause to the Supreme Court of the State of Utah from the said judgment and decision, and after hearing said appeal in the Supreme Court, said Supreme Court, by its decision, ordered the judgment of the lower court set aside, with directions to said court to sustain the special demurrers interposed by the defendant to the first, second and third causes of action set out in plaintiff's complaint, and further, to permit the plaintiff to amend his complaint, if he so desired, with respect to such first, second and third causes of action, and the Supreme Court affirmed the decision of the lower court with respect to the fourth cause of action, and the remittitur from the Supreme Court having been duly filed in this court, and the plaintiff having advised the court that he does not desire to amend his complaint with respect to the said first, second and third causes of action, and that he desires judgment entered upon the said fourth cause of action, and in accordance with the evidence and the findings of the court heretofore made and filed in this cause, and in conformity to the judgment thereon with respect to the said fourth cause of action heretofore made and filed in this cause.

"Now, therefore, upon motion of A. H. Christensen and Lewis Larson, attorneys for the plaintiff, and upon the evidence heretofore submitted to the court in said cause, and in accordance with the

findings of fact and conclusions of law and the judgment respecting the said fourth cause of action in the above entitled cause, set out in plaintiff's complaint filed herein and heretofore made and filed in said cause, and based upon such findings of fact and conclusions of law and in conformity with said judgment heretofore filed herein as to the said fourth cause of action as hereinabove mentioned, and pursuant to the remand and directions of the Supreme Court of the State of Utah.

"It is ordered, adjudged and decreed:

"1. That the special demurrer to the first cause of action be and it is sustained on the ground that said first cause of action constitutes an attempt to split the one cause of action.

"2. That the special demurrer to the second cause of action be and it is sustained on the ground that said second cause of action constitutes an attempt to split the one cause of action.

"3. That the special demurrer to the third cause of action be and it is sustained on the ground that said third cause of action constitutes an attempt to split the one cause of action.

"4. It is further ordered, adjudged and decreed that the plaintiff, Ernest Madsen, do have and recover judgment against the defendant, Rasmus L. Madsen, upon his said fourth cause of action for the sum of Five Hundred Thirty-two and No/100 ($532.00) Dollars, the value of seventy-six head of ewe sheep converted to his own use by the defendant, and interest thereon at the rate of eight per cent. per annum from July 1, 1912, in the sum of $761.18, and the further sum of $20.00, the value of four wether sheep on the 1st day of July, 1912, converted by said defendant to his own use, and interest on said amount at the rate of eight per cent. per annum from July 1, 1912, in the sum of $28.64, together with plaintiff's costs in the sum of $72.40, making a total judgment of One Thousand Four Hundred Fourteen and 22/100 ($1414.22) Dollars.

"This judgment to bear interest at the rate of eight per cent. per annum from date until paid.

"Dated this 23rd day of May, A. D. 1930."

On September 12, 1930, the defendant Rasmus L. Madsen, the appellant, filed a motion in the district court to have the judgment vacated and held null and void and to grant to defendant leave to file an amended answer to plaintiff's complaint and for said cause to then be set for trial on a day certain. The motion was made upon the affidavits of said defendant and his attorney, upon the files and records

and minutes of the court and such testimony as defendant should offer at the time of hearing upon the motion.

It is averred, substantially, in the affidavits, as follows: That at no time subsequent to the decision of the Supreme Court, and at no time subsequent to the remanding of the cause to the district court did affiants receive any notice of a setting of the cause for trial or otherwise, or of any hearing or proceeding to be had herein or in connection therewith; that they did not learn until about the latter part of August or the 1st of September, 1930, that a pretended judgment had been made and entered in said cause by the district court on May 23, 1930; that they were not in any manner given notice of any proceeding or hearing or motion upon which the pretended judgment is alleged to be predicated and which resulted or terminated in the rendition and entering of said pretended judgment; that the motion for judgment was presented and heard without any notice whatever to, and in the absence of, defendant and his counsel; that the judgment was made and entered without any trial upon the issues of fact or law in the case, and without notice to defendant, and without according to the defendant an opportunity to appear in court at any time to plead or in any manner to present his case in the above-entitled cause.

The allegations of said affidavits were not disputed. No judgment was entered on the remittitur itself, but, on motion of plaintiff's attorney, and without notice to and in the absence of defendant, a judgment was entered upon findings and conclusions made by the trial court.

On September 20, 1930, upon notice given, a hearing was had upon the motion, and, on September 29, 1930, the motion was by the court overruled, and notice thereof was filed with the court on October 8, 1930.

From the judgment made and entered in the cause in the district court, on May 23, 1930, in favor of the plaintiff and against the defendant, and also from the order of the court overruling and denying the motion of the defendant

to vacate the judgment, the defendant Rasmus L. Madsen takes this appeal.

It is the contention of the appellant that, in view of the decision, order and judgment of this court on the former appeal, the trial court erred in thus making and entering its findings, conclusions, and judgment, and in denying the motion to vacate the judgment; while respondent contends that this court's decision on the prior appeal was, in effect, an affirmance of the judgment as to the fourth cause of action. Respondent also contends that an appeal is not the proper remedy, while the appellant contends to the contrary.

The language used in the former decision seems to be clear and unequivocal. We cannot see how it can be construed in any way other than as vacating the judgment of the trial court. When the court says "The judgment will have to be set aside," and follows those words with, "Such is the order," it can only mean that the judgment is set aside, vacated, and annulled, and, having been thus swept from existence, the lower court has no power to breathe into any part of it the breath of life.

The intention to vacate the entire judgment is further evinced by the following language of the remittitur: "It is ordered, adjudged and decreed, that the judgment of the District Court be and the same is set aside." The order having vacated the entire judgment, it cannot be construed as affirming any part of it.

"As to whether the decision of the appellate court necessitates a new trial after remand, depends on the intention of the appellate court, and where there is doubt as to this it is generally resolved in favor of a new trial. There is, of course, no doubt of the intention of the appellate court where it has specifically ordered a new trial, and even where the appellate court has not specifically ordered a new trial, it is generally held that a new trial is intended and necessary where the case has been reversed and remanded generally, and especially where the reversal was for error anterior to the verdict." 4 C. J. 1239.

"Generally a judgment of reversal embracing no special directions, simply vacates the judgment excepted to, and is to be followed by a new trial in the court below." *Woods* v. *Jones*, 56 Ga. 520.

"When the judgment of a trial court has been reversed in an error proceeding, the court should retrace its steps to the point where the first material error occurred. It should put the litigants back where they were when the initial mistake was committed." *Missouri, K. & T. Trust Co.* v. *Clark,* 60 Neb. 406, 83 N. W. 202, 203.

"When the reversal of a judgment is grounded on error in the trial occurring anterior to the verdict, the verdict is nullified, and the cause, when remanded, stands for trial de novo." *State* v. *Omaha Nat. Bank,* 60 Neb. 232, 82 N. W. 850.

On the former appeal, this court held that the complaint in this case alleges a conversion of the sheep in April, 1910. In the fourth cause of action, the conversion is alleged as having occurred in July, 1912. In granting permission to respondent to amend his complaint, if he so desired, he was given an opportunity to conform his pleading to the holding of the court.

When respondent decided that he did not desire to amend his complaint, he, without giving appellant opportunity to defend, was not justified in taking judgment upon the assumption that the prior decision of this court had affirmed the fourth cause of action, when by that decision the judgment of the lower court had been wholly vacated.

In this connection, it may be observed that it would hardly seem consistent, after holding that the conversion took place in April, 1910, to permit a judgment to stand based upon a conversion alleged to have occurred in July, 1912. By wholly vacating the judgment, opportunity was given for the trial of the case anew in accordance with the holding of the court. We can see nothing in the former decision of this court that would justify respondent, if he did not care to amend, in proceeding to take judgment on the fourth cause of action against the defendant, without notice to and in the absence of defendant. In view of the court's holding, defendant should not be deprived of opportunity to defend against a complaint charging a conversion in 1912.

There are but two questions in this case: First. Did the trial court proceed in accordance with the decision and man-

date of this court in the former appeal?   Second.
Does appellant's remedy lie in appeal?   The first of   ■
these we have sufficiently discussed.  As to the second,
in the situation presented here, we are of the opinion that
an appeal is the proper remedy.

"The proper remedy when the lower court, after remand, has failed to follow the law of the case as laid down in the decision of the appellate court, is another appeal." 4 C. J. 1243.

"A mandamus will not issue to compel the Court below to enter a decree upon the report of a referee in pursuance of the appellate court's directions, but the remedy is by appeal." *Ludlum* v. *Fourth Dist. Court*, 9 Cal. 7.

"The judgment of this court was that the cause be remanded to the circuit court for further proceedings in conformity with the opinion of this court. Of course, if the circuit court should take any steps supposed to be contrary to law, its action can be reviewed upon writ of error or appeal. But under a remanding order of this character we do not think we would be justified in awarding a writ of mandamus to compel the circuit court to enter any particular order in the case." *Blatchford* v. *Newberry*, 100 Ill. 484.

Respondent cites the Utah statute and authorities with reference to disregarding errors and defects which do not affect the subsantial rights of the parties.  Such authorities, however, do not appear to be in point, unless the entering of a judgment against a party without notice to him and in his absence does not constitute a disregard of his substantial rights.

Respondent also cites many cases where appellate courts have partly reversed and partly affirmed the judgments of lower courts, but we do not see how such citations are applicable here, and we find no case cited where, after an appellate court has wholly vacated a judgment, it   ■
has upheld a lower court in assuming that there was
an affirmance of any part of such judgment.  While an appeal from a judgment entered by the trial court in conformity with the decision and mandate of the appellate court where there is no dispute as to such conformity is unavailing, authorities to that effect have no application where

judgment does not conform to the decision and mandate of the appellate court.

In the case of *Krantz* v. *Rio Grande Western R. R. Co.*, 13 Utah 1, 43 P. 623, 32 L. R. A. 828, this court held that an appeal from a judgment or order which the district court entered in exact accordance with the mandate of this court upon a previous appeal will be dismissed upon motion of the appellee. But in that case the lower court acted in accordance with, not in contravention of, the mandate of this court.

Since it is our opinion that the judgment entered by the district court does not conform to the decision and mandate of this court on the prior appeal, and that, under the circumstances, an appeal is the proper remedy, it is ordered that the judgment made and entered in the district court on May 23, 1930, be and the same is vacated and annulled, and the case is remanded for a new trial pursuant to law and in conformity with the order and decision of this court on the former appeal; appellant to recover costs.

STRAUP, ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.

CHERRY, C. J., being disqualified, did not participate herein.